[L. A. Nos. 1013, 1038. Department Two.—September 13, 1902.]

## L. A. GRANT et al., Appellants, v. CHARLES H. McARTHUR et al., Respondents.

DISMISSAL OF ACTION—FAILURE TO RETURN SUMMONS IN THREE YEARS —LOSS OF SUMMONS.—An action must be dismissed pursuant to subdivision 7 of section 581 of the Code of Civil Procedure for failure to return the summons in three years, if no appearance has been made in that time. The fact that the summons was lost for a time can make no difference, the remedy for such loss being provided for in section 1045 of the Code of Civil Procedure.

ID.—APPEARANCE AFTER LAPSE OF THREE YEARS.—An appearance made after the lapse of the three years cannot preclude a motion to dismiss the action for failure to return the summons within that period.

ID.—ORDER REFUSING TO SET ASIDE JUDGMENT OF DISMISSAL—APPEAL— DISCRETION.—It seems that an order refusing to set aside the judgment of dismissal is not appealable; but if it were so, the order would not be disturbed upon appeal, where there is nothing in the record to show an abuse of discretion.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing to set the judgment aside. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, and Dockweiler & Carter, for Appellants.

Bower & Pepper, for W. M. Gough, Respondent.

McFARLAND, J.—These two appeals were submitted together. L. A. No. 1013 is an appeal by plaintiffs from a judgment of the superior court dismissing the action. It is presented upon the judgment-roll and a bill of exceptions. The motion to dismiss was made by defendant Gough, January 20, 1900, upon the ground that "the summons issued in above-entitled action was not served and return thereon made within three years after the commencement of the said action, and that no appearance in said action on the part of defend-

ant Gough, or any of said defendants, has been made within said three years.''

Subdivision 7 of section 581 of the Code of Civil Procedure is as follows: ''And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and all such actions shall be in like manner dismissed unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by defendant or defendants, within said three years in the same manner as if summons had been issued and served.'' The facts in the case at bar, as shown by the judgment-roll and the bill of exceptions, are these: The complaint was filed January 11, 1897, and, of course, the three years within which the summons must have been returned as provided in the code expired January 11, 1900. On the last-named day the summons had not been returned, and there had been no appearance for either of the defendants. Some of the defendants had been served in 1897; defendant McArthur was served January 5, 1900; and appellant Gough was served January 10, 1900, and on January 11, 1900, an affidavit of service on him was filed,—the affidavit being a separate document, not attached to any summons. On January 11, 1900, a *copy* of the summons was filed, and on January 15, 1900, the original summons was for the first time returned and filed. There are in the printed transcript some written consents of some of the defendants that judgment may be taken against them, but they are not parts of the judgment-roll or bill of exceptions, and cannot therefore be considered; moreover, they were made after the expiration of the three years. There is in the bill of exceptions a stipulation that appellant might have a certain time to answer or demur; but if this could be considered as an ''appearance'' within the meaning of the said section 581, it was of the date of January 15, 1900, and therefore not ''within said three years.''

The judgment must be affirmed. In *White* v. *Superior Court,* 126 Cal. 245, a case like the one at bar, except that there the court below undertook to issue an *alias* summons, this court said: "We do not see how the conclusion can be avoided that the superior court had no power to issue an *alias* writ (Code Civ. Proc., sec. 408), and no discretion to refuse to dismiss the action as against the petitioner. (See Code Civ. Proc., sec. 581, last clause.) The case is in all essential respects the same as *Vrooman* v. *Li Po Tai,* 113 Cal. 302, in which the provision of the statute was held to be constitutional and mandatory." In *Cooper* v. *Gordon,* 125 Cal. 296, cited by appellants, the stipulations were entered into before the expiration of the three years; and, moreover, the supposition suggested in the opinion in that case, of a defendant appearing and answering after the three years and demanding a trial, does not apply to the case at bar, for here the plaintiff alone is objecting to the dismissal. The fact that in the case at bar the summons was for a time lost makes no difference; in such case the remedy is provided by section 1045 of the Code of Civil Procedure.

L. A. No. 1038 is an appeal by plaintiffs from an order refusing to set aside the judgment above referred to. After the judgment of dismissal had been entered plaintiffs moved the court to set that judgment aside, on the ground of excusable neglect, etc., and from an order denying this motion this appeal (No. 1038) is taken.

Respondent contends that the order refusing to set aside the judgment is not appealable, upon the well-established general rule that an appeal does not lie from an order refusing to set aside a judgment or order which is itself appealable; that the only exception to the rule is where the moving party did not have an opportunity to present his alleged rights when the original judgment or order was under consideration; and that the exception does not apply to the case at bar, because plaintiffs not only had the opportunity to present their alleged rights when the motion to dismiss the judgment was under consideration, but actually did so present them at that time. We see no obvious answer to this contention; but it is not necessary to absolutely determine that question, because there is nothing in the record to show that the court

below abused its discretion in denying the motion, even conceding that its action can be reviewed on this appeal.

The judgment appealed from in L. A. No. 1013 and the order appealed from in L. A. No. 1038 are both affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.