[Civ. No. 2274.   First Appellate District.—December 10, 1917.]

BELLINGHAM BAY LUMBER COMPANY (a Corporation), Respondent, v. WESTERN AMUSEMENT COMPANY et al., Defendants; REALTY & REBUILDING COMPANY, Appellant.

DISMISSAL OF ACTION — RETURN OF SUMMONS AFTER EXPIRATION OF STATUTORY PERIOD.—Under section 581a of the Code of Civil Procedure, an action must be dismissed where the summons has not been returned within three years after the commencement of the action, although service thereof was made within the three-year period.

ID.—GENERAL APPEARANCE—RELIEF FROM DEFAULT—RIGHT TO DISMISS ACTION NOT WAIVED.—The right to move to dismiss an action for failure to return the summons within the three-year period is not waived by the making of a general appearance after the expiration of such period.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying dismissal of action.   John L. Childs, Judge Presiding.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, and Nathan Moran, for Appellant.

William M. Cannon, for Respondent.

RICHARDS, J.—This is an action to foreclose a materialman's lien.   Rudolph Spreckels was the owner of the property sought to be impressed with the plaintiff's lien at the time of the erection of the building for which the plaintiff's materials were supplied to the Western Amusement Company, a sublessee of said Spreckels, by whom the building was being erected.   On March 30, 1908, the plaintiff filed its claim of lien against the building and premises for material furnished by it.   On April 13, 1908, Rudolph Spreckels conveyed the property affected by said lien to the Realty & Rebuilding Company, a corporation, the deed evidencing such conveyance being recorded on May 11, 1908.   On June 27, 1908, this action was commenced for the foreclosure of said lien.   In the complaint then filed Rudolph Spreckels was made one of the

defendants, and was alleged to be the owner in fee of the premises subject to the plaintiff's lien. On February 15, 1909, an amended complaint was filed in which the same averments appear. The Realty & Rebuilding Company was not made a party by name in either of these complaints, but several fictitious names were given as defendants with the usual averment and prayer that as the true names of said defendants were discovered they might be inserted with proper averments in the complaint. On April 30, 1909, the defendant Spreckels filed his answer to the amended complaint, wherein, after denying practically all of its other averments, he also denied that he was the owner of the premises in question subsequent to the twenty-third day of April, 1908, upon which date he alleged that he conveyed all of his right, title, and interest in the said premises to the Realty & Rebuilding Company. On June 19, 1911, the Realty & Rebuilding Company was served with summons in the city and county of San Francisco under the name of "First Doe," one of the fictitious defendants. On July 10, 1911, the case came on for trial. The time of the Realty & Rebuilding Company within which to appear after service of summons had expired but as yet its default had not been entered. On July 22, 1911, the default of the Realty & Rebuilding Company was entered by the court upon plaintiff's motion. The plaintiff, however, did not at any time formally amend its complaint by the insertion of the name of the Realty & Rebuilding Company therein in place of one of the fictitious defendants. On July 24, 1911, the Realty & Rebuilding Company filed and served separate notices of two motions to be heard on the following day. One of these was a notice of motion to dismiss the action as to said Realty & Rebuilding Company upon the ground that the summons had not been served and a return thereon made within three years after the commencement of the action. The other notice was of a motion for an order relieving said Realty & Rebuilding Company from its default upon the ground of its mistake, inadvertence, surprise, and excusable neglect. Upon the hearing of these two motions on the following day the attorney for the Realty & Rebuilding Company stated in open court that it made no point on the motion for an order relieving it from its default but stood solely upon its motion to dismiss the action. This latter motion was then argued and submitted to the court for decision. On July 31, 1911, the

court made an order denying the motion for relief from the default upon the ground of want of prosecution and abandonment of the 'same; and also made an order denying the motion to dismiss the action.    Thereafter and on August 1, 1911, the court filed its findings of fact and conclusions of law in the case, and ordered judgment in favor of the plaintiff therein, which judgment was duly entered upon the following day. From the foregoing orders and judgment the Realty & Rebuilding Company prosecutes this appeal.

The appellant herein contends that the refusal of the trial court to dismiss this action as to it upon its motion and upon the ground that the summons had not been returned within three years after the commencement of the action was error. In urging this contention the appellant relies upon the express and mandatory terms of section 581a of the Code of Civil Procedure.    That section reads as follows:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action.    But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state, or while he has secreted himself within the state to prevent the service of summons on him."

This section of the code in substantially its present form was formerly embraced in section 581 of the Code of Civil Procedure under subdivision 7 thereof, but was made a separate section in 1907.    It has been the subject of frequent interpretation by the supreme court by which its terms have uniformly been held to be mandatory and to impose a compul-

sion upon trial courts to order the dismissal of an action wherein the summons has not been served and returned within three years from the date of the commencement of the action, some of these cases going so far as to hold that after the expiration of the three-year period prescribed by this section the court has no jurisdiction to do other than dismiss the action. (*Vrooman* v. *Li Po Tai,* 113 Cal. 305, [45 Pac. 470]; *Davis* v. *Hart,* 123 Cal. 385, [55 Pac. 1060]; *White* v. *Superior Court,* 126 Cal. 247, [58 Pac. 460]; *Modoc Land Co.* v. *Superior Court,* 128 Cal. 255, [60 Pac. 848]; *Sharpstein* v. *Eells,* 132 Cal. 508, [64 Pac. 1080]; *Grant* v. *McArthur,* 137 Cal. 271, [70 Pac. 88]; *Swortfiguer* v. *White,* 141 Cal. 576, [75 Pac. 172].)

The case of *Modoc L. Co.* v. *Superior Court, supra,* presents a state of facts practically identical with those of the case at bar in the respect that the summons had been served before but returned after the expiration of the three-year period prescribed by the section of the code under review. The supreme court issued a peremptory writ of prohibition forbidding further proceedings in that case, and in so doing said: "The statute imposes the penalty of dismissal in all cases where the return is made more than three years after the commencement of the action. The court is deprived of jurisdiction to take any other action than to dismiss the cause whether one day or many years elapse before its attention is called to the subject. The declaration that "no further proceedings shall be had therein" is a statutory prohibition against any further proceedings; and if the court should assume to act in disregard of this prohibition it would be acting without any jurisdiction."

The only answer which the respondent has to make to this contention of the appellant and to the authorities which support it is that the said defendant made a general appearance in the case by its motion for relief from its default, and that this general appearance on its part obviated the necessity of either a service or return of the summons, and constituted a waiver of its right to move to dismiss the action upon the ground stated. No authorities are cited in support of this position; and it would seem that none could be in the face of the express terms of section 581a of the Code of Civil Procedure, which make it a condition precedent to the further prosecution of the action that any appearance which the de-

fendant might make must have been made within the three-year period prescribed in the section; and this is the construction which has been placed upon the portion of the section which so declares. (*Grant* v. *McArthur, supra; Swortfiguer* v. *White, supra*).

In the presence of this uniform line of decisions construing section 581a of the Code of Civil Procedure to be mandatory, and in some instances prohibiting the trial courts from further proceeding with causes coming within its provisions, we are constrained to hold that the court was in error in its refusal to dismiss this action against the Realty & Rebuilding Company upon its motion; and that as to it the action must be dismissed.

It is unnecessary to consider any other of the points made by the appellants upon this appeal.

Judgment reversed, with instructions to the trial court to enter its order dismissing this action as to the appellant herein.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1918.