[Civ. No. 10518. First Appellate District, Division Two.—November. 29, 1938.]

MERNER LUMBER COMPANY (a Corporation), Appellant, v. JOHN LEWIS SILVEY et al., Respondents.

Kenneth R. McDougall for Appellant.

Louis Oneal and Maurice J. Rankin for Respondents.

STURTEVANT, J.—From an order dismissing an action brought to foreclose a mechanic's lien the plaintiff has appealed.

An understanding of the points presented by the record involves the following facts: The complaint was filed and the summons was issued on February 27, 1932. The summons was not served but, on March 15, 1932, the attorneys for the parties executed a stipulation as follows: "It is hereby stipulated, by and between Frederick Schneider, attorney for Merner Lumber Company, and Frank Lee Crist, attorney for

J. L. Silvey, et ux., and A. G. Heald, that defendants J. L. Silvey, et ux., and A. C. Heald may have to and including the 20th day of March, 1933, in which to answer the complaint in the above-entitled matter. Dated March 15, 1932." That stipulation was filed March 17, 1932. No answer was ever filed. On March 19, 1935, the defaults of all defendants were entered. On March 22, 1935, the judgment was filed. It recites, among other things: "and it appearing that summons was issued in this cause on February 27, 1932, but that said summons has never been served on any of said defendants and the Court having so found, and it appearing that said A. C. Heald is sued herein as John Doe, and it appearing that defendants John Lewis Silvey, Pauline Silvey, and A. C. Heald appeared in this action by the filing on March 15, 1932, of a stipulation signed by the respective attorneys for plaintiff and said defendants extending time for said defendants to answer in said cause until March 20, 1933, and it appearing that no further extension of time to plead has been granted said defendants or is on file and that no answer, motion, or other pleadings by any of said defendants is on file, and the default of each of said defendants, John Lewis Silvey, Pauline Silvey, and A. C. Heald having heretofore been entered by the Clerk according to law". On August 15, 1935, the defendants served and filed a "Notice of Motion for Dismissal of Action". It contained a statement that said motion "will be made upon the ground that said defendants have not, nor have either of them ever been served with summons in said action and have never made an appearance therein and no jurisdiction over them, or either of them has ever been acquired by said court in said action and that the court had no jurisdiction to render or enter the judgment in said action and the said judgment is void and the judgment roll in said action shows said judgment to be void on its face, and that more than three years has expired since the commencement of said action and the issuance of the summons therein". It was supported by the affidavits of John Lewis Silvey and Pauline Silvey, two of the defendants. It was opposed by two affidavits of Frank Lee Crist, the attorney for the plaintiff. That motion was denied on October 28, 1936. Three days later, October 31, 1936, the defendants served and filed a second notice of motion. It was a motion to set aside the judgment and for

dismissal of the action. It recites that the motion "will be made upon the ground that plaintiff failed to have judgment entered in said action within three years after the service of summons on the defendants therein, or the equivalent thereof, or within three years after the filing in said action of a stipulation purporting to extend defendants' time to answer therein if such stipulation constituted an appearance in said action by said defendants, or was the equivalent of service of summons on said defendants therein, and upon the ground that the court had no jurisdiction to render or enter the judgment in said action and the said judgment is void and ineffectual for any purpose and so appears on the face of the judgment roll in said action. Said motion will be based upon this notice of motion with proof of service thereof, the papers, records and files in said action and such oral and documentary evidence as said defendants may see fit to offer at said hearing." The record does not show what evidence was in fact used in support of said motion. The motion was opposed by the affidavit of Paul M. P. Merner, the president of the plaintiff corporation and by the affidavit of K. R. McDougall. The last-mentioned motion was granted on December 28, 1936. It is from the order granting said motion that the plaintiff has appealed.

The plaintiff contends that the judgment was not void on its face and it should not have been set aside. It also contends (1) that section 581a did not authorize the trial court to dismiss the action for want of jurisdiction, and (2) the order dated October 28, 1936, is *res judicata* and therefore it was error to enter the order appealed from. Those contentions overlap and we will not attempt to treat them separately but will treat them together.

It is not now disputed that the stipulation set out above was equivalent to a personal service and return of the summons as of March, 1932, the date it was filed. (Code Civ. Proc., sec. 416; *Roth* v. *Superior Court,* 147 Cal. 604 [82 Pac. 246].) That being so, the first sentence of section 581a is not in point. That sentence is, "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein,

whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action." As shown above the summons in the instant case issued February 27, 1932, and the equivalent of service and return was accomplished by the stipulation dated March 15, 1932. It is not claimed that the first sentence, as written, is applicable to this case. The next sentence contains a proviso not pertinent. But the first part is as follows: "But all such actions, may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; . . . " Standing alone, that provision indicated a continuation of jurisdiction rather than a curtailment thereof. Moreover, from the time of the service of the summons, or the equivalent thereof, a presumption arose that jurisdiction would continue until a final judgment was entered. The last sentence contained in said section is as follows: "All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons." As set forth above, the judgment showed on its face that in effect the summons was served March 15, 1932, that no answer had been filed, and that judgment was not entered within three years after February 27, 1932. If when the plaintiff applied to have judgment entered objection had been made, the trial court would have been authorized by the provisions of said sentence in refusing to enter judgment and to have ordered the action dismissed. However, it did not do so, but entered a judgment reciting all of the facts. The defendants claim such judgment as so entered shows a want of jurisdiction and that it is void. The statute does not say so, neither does the sentence last quoted contain language of prohibition which indicates a want of jurisdiction. (*Vrooman* v. *Li Po Tai*, 113 Cal. 302, 304 [45 Pac. 470].) The mere use of the word "must" in the last sentence of section 581a does not, standing alone, show a curtailment of jurisdiction. (*McQuillan* v.

*Donahue,* 49 Cal. 157.) These circumstances taken in connection with the second sentence we think do not warrant a holding that the judgment in the instant case is void on its face. The defendants call to our attention that it has been held the rule curtailing jurisdiction clearly applicable under the first clause of the first sentence is also applicable under the second clause of said sentence. (*Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].) Continuing, they claim that by a parity of reasoning it follows the judgment is void if it is not entered within three years as provided in the last sentence of section 581a, Code of Civil Procedure. We think not. In the Sauer case the court construed one single sentence and defined the scope of each part. To attach the judgment matter of the last sentence to the subject-matter of the first sentence calls upon us to transpose and delete to such an extent as to constitute judicial legislation.

If we have correctly construed section 581a it follows the judgment was not void and the trial court erred in setting it aside.

As opposed to what we have said the defendants cite certain language used by the court in *Cook* v. *Justice's Court,* 16 Cal. App. (2d) 745, 748 [61 Pac. (2d) 357]. The plaintiff replies said language was *obiter* in that case and is not controlling in this one. The reply is a correct criticism.

A dismissal was not authorized as a proper proceeding at common law. (18 C. J. 1145.) As the defendants cite no statute authorizing an involuntary dismissal after judgment for any cause except want of jurisdiction it also follows that the trial court erred in entering an order of dismissal.

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.