[Civ. No. 6552.   Third Dist.   July 17, 1941.]

AMELIA PAVLOVICH, Respondent, v. OSWALD WATTS, Appellant.

Chellis M. Carpenter and Walter Christie for Appellant.

S. C. Young for Respondent.

PULLEN, P. J.—From orders denying motions to set aside a sale under execution, to set aside the judgment and to dismiss the action, this appeal is taken.

In 1935 an action upon a promissory note was commenced by the predecessor in interest of plaintiff against Oswald Watts, the defendant and appellant herein.

Defendant was promptly served with a copy of the summons and complaint, and the original summons with return of service immediately filed with the clerk of the court. No answer or other appearance was ever made by the defendant. In 1939, approximately four and one-half years after the summons had been served and returned, plaintiff filed with the clerk a request for the entry of the default of the defendant, which was entered, followed on the same day by a default judgment. No appeal was ever taken from this judgment nor motion for relief under section 473 of the Code of Civil Procedure.

Thereafter in May, 1940, plaintiff caused an execution on the judgment to issue, and levied the same upon a claim for money evidenced by five promissory notes payable to Oswald Watts of a face value of approximately $21,000. On June 7, 1940, the sheriff sold the right, title and interest of appellant Watts in this personal property to respondent for $250.

Upon this sale by the sheriff, appellant made the several motions, the details of which are the basis of this appeal. The first and principal point urged by appellant is that the default judgment entered by the court was void and in excess of the jurisdiction of the court, under the provisions of the last paragraph of section 581a of the Code of Civil Procedure, and that it was mandatory upon the court to have granted the several motions of appellant.

The particular portions of section 581a upon which appellant relies provides that "all actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of

any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons.''

It has already been held, however, that this provision is not a jurisdictional limitation upon the power of the court. In *Merner Lumber Company* v. *Silvey,* 29 Cal. App. (2d) 426 [84 Pac. (2d) 1062], under similar facts it was held the court had jurisdiction, and a motion there made to set the judgment aside was improperly granted, where no objection was made at the time of application for entry of the judgment, and further holding no language of prohibition was to be found in section 581a of the Code of Civil Procedure, indicating a want of jurisdiction.

In *Lynch* v. *Bencini,* 17 Cal. (2d) 521 [110 Pac. (2d) 662], upon an appeal from the default judgment, and from an order denying a motion to vacate such judgment, the court was primarily considering the power of the clerk to enter the default, and the effect of the judgment based thereon. In determining this issue the court, with reference to that portion of section 581a of the Code of Civil Procedure, here involved, said:

''If it be assumed the clerk had power to enter judgment in this case under section 585, and irrespective of section 579, the next question is whether a judgment thus entered is not only good upon its face, but conclusive and immune from a direct attack on appeal. This question involves the effect of the last paragraph of section 581a. . . . The precise question seems never to have been determined.'' The court then distinguished *Cook* v. *Justice's Court,* 16 Cal. App. (2d) 745 [61 Pac. (2d) 357], and continued: ''In *Merner Lumber Co.* v. *Silvey (supra),* a motion was made a year and a half after the judgment was entered, and after it had become final, to have it set aside and dismiss the action. It was there held that the court had jurisdiction in spite of section 581a of the Code of Civil Procedure, so the judgment was not void on its face. . . . While a judgment so entered may not be void for lack of jurisdiction the court's error in failing to perform that duty is one which may be corrected on appeal from the judgment if taken within the statutory time. The duties and rights of the parties are still affected by the last paragraph

of section 581a, and the judgment itself is still subject to review on a direct and timely appeal.''

Cases arising under the first paragraph of section 581a are not helpful in determining the question here involved owing to the difference in the language of the two paragraphs. The first paragraph of this section reads:

''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein . . . unless summons shall have issued within one year. . . . '' It is admitted that this paragraph imposes jurisdictional limitations upon the power of the court, and had been so held in such cases as *Modoc Land & Livestock Co.* v. *Superior Court,* 128 Cal. 255 [60 Pac. 848] ; *Evans* v. *Superior Court,* 14 Cal. App. (2d) 743 [59 Pac. (2d) 159] ; *Bellingham Bay Lumber Co.* v. *Western Amusement Co.,* 35 Cal. App. 515 [170 Pac. 632].

Also it has been so held as to section 981a (*Napolitano* v. *Superior Court,* 81 Cal. App. 639 [254 Pac. 647]) where similar language is found which requires that the appealing party bring the appeal to trial within one year, and that in default thereof, no further action shall be taken, and points out that where the section contains such prohibition against further action by the court as is found in the first part of section 581a or section 581b, the jurisdiction of the court to act is limited. The same distinction had previously been made in *Rio Vista Mining Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616], where the court was considering section 583 of the Code of Civil Procedure.

A second point urged is that the sale should be set aside because there was no proper levy or seizure, and that the sheriff failed to take the property into his possession ; also that the property was not exposed to the view of the purchaser, and the purchase price was grossly inadequate.

The property here levied upon was a ''claim for money against Brown Estate Inc., a corp. . . . said claims being evidenced by five instruments in the forms of promissory notes in favor of Oswald Watts. . . . '' The parties who signed the notes were not parties to the action filed by Watts in the federal court, an action in which Watts sought to re-

cover upon a claim for money due. It also appeared the notes were not negotiable, as each note contained a statement it was subject to the terms of an option and lease agreement. This levy appears to have been made pursuant to the provisions of sections 542, subdivision 6, and 688 of the Code of Civil Procedure. Section 688 provides that debts and credits, and property not capable of manual delivery may be levied upon in the same manner property may be attached, and section 542, subdivision 6, provides that debts and credits and other property not capable of manual delivery may be attached by leaving either with the person owing such debts or with the person having in his possession or under his control such credit, a copy of the writ together with a notice that such personal property is attached. Since the levy was not made upon personal property capable of manual delivery, it was not required that the property to be sold be taken into the possession of the sheriff nor exposed to the view of the purchaser.

As to the inadequacy of the amount bid, it cannot be said the promissory notes had a value of $21,000, as such notes were subject to the terms of an option and lease agreement, and although Watts obtained a verdict in his favor, a new trial was granted in the federal court upon the ground of the insufficiency of the evidence.

■ Mere inadequacy of price, however gross, is not of itself a sufficient ground for setting aside a sale legally made. (*Sutter Investment Co.* v. *Keeling*, 123 Cal. App. 323 [11 Pac. (2d) 418].)

There is no evidence here adduced that the sale was not fairly made or conducted. The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1941.