[Civ. No. 12272.  First Dist., Div. Two.  Oct. 26, 1943.]

ROMIE C. JACKS, Respondent, v. GRACE E. LEWIS, Appellant.

Keith & Creede and Gunther R. Detert for Appellant.

Theodore M. Stuart for Respondent.

DOOLING, J. pro tem.—Plaintiff herein filed his complaint against defendant on November 14, 1938.  The complaint was based on a promissory note executed by defendant to plaintiff and prayed judgment for principal, interest and attorneys' fees.  Summons was served upon defendant on Novem-

ber 16, 1938, and returned with proof of service on February 24, 1939, and on the same date, defendant having made no appearance in the action, the clerk entered her default.

No judgment on this default was entered until April 16, 1942, considerably more than three years after service of summons. In the meantime on April 9, 1942, acting through her present attorneys, defendant served upon plaintiff a notice of motion to dismiss the action for failure to have judgment entered within three years after service of summons. The motion was noticed for April 28, 1942, and the notice thereof, although served on April 9 was not filed with the clerk until April 17, 1942. We do not consider the date of filing material since the notice was filed in ample time for the hearing as noticed for April 28, but in the meantime as above noted plaintiff procured judgment to be entered on April 16, 1942.

Thereafter on April 23, 1942, defendant served upon plaintiff a notice of motion to set aside the judgment of April 16, 1942, on the ground that it had not been entered within three years after service of summons. This motion was likewise noticed for April 28, 1942. The motion to dismiss, the motion to vacate and a motion to set aside the judgment as void were denied by order of the court on May 29, 1942. On June 11, 1942, defendant filed her notice of appeal from the judgment of April 16, 1942, and from the order of the court of May 29, 1942, denying defendant's motions.

Thereafter on July 28, 1942, plaintiff was allowed by order of the court to file an amended complaint and on July 29, 1942, an amended judgment was entered thereon. Defendant moved the court to strike the amended complaint and vacate the amended judgment and these motions were denied. Defendant thereupon appealed from this order and the amended judgment.

We are satisfied that the case of *Lynch* v. *Bencini*, 17 Cal.2d 521 [110 P.2d 662] is controlling on this appeal. The facts of the two cases are practically parallel. In *Lynch* v. *Bencini* summons was served on the appealing defendant on January 10, 1936, and the clerk entered his default August 4, 1936. On June 29, 1939, a default judgment was entered against the appealing defendant. Thereafter motions to vacate the judgment and dismiss the action were denied, and an appeal was taken from the default judgment and the orders denying the motions.

It will be seen from this recital that in the case of *Lynch* v. *Bencini,* as in the case before us, the clerk entered the default of the defendant within three years after service of summons, but in each case the judgment was not entered until more than three years after summons had been served, in each case the defendant moved after the entry of judgment to vacate the judgment and dismiss the action which motions were denied, and in each case the defendant appealed from the judgment itself as well as from the orders denying his motions.

In *Lynch* v. *Bencini* (17 Cal.2d at pp. 530-533 [110 P.2d 662]) the Supreme Court held that under the last paragraph of section 581a Code of Civil Procedure it was mandatory on the trial court to dismiss an action where no pleading had been filed by the defendant and judgment had not been entered within three years after service of summons. The court further held that while a judgment so entered over three years after service of summons might not be void, it was error for the court not to dismiss the action and this error was ''one which may be corrected on an appeal from the judgment, if taken within the statutory time. The duties and rights of the parties are still affected by the last paragraph of section 581a and the judgment itself is still subject to review on a direct and timely appeal. . . . Under such circumstances the error may be corrected and the judgment, entered and allowed to stand in disregard of the provisions of section 581a, should be reversed.'' (17 Cal.2d 532.) And the court concluded on page 533:

''The direct requirement of the statute would be rendered nugatory if the disregard thereof may not be corrected on a timely appeal.''

Respondent cites *Pavlovich* v. *Watts,* 46 Cal.App.2d 103 [115 P.2d 511]; *Cook* v. *Justice's Court,* 16 Cal.App.2d 745 [61 P.2d 357]; and *Merner Lumber Co.* v. *Silvey,* 29 Cal. App.2d 426 [84 P.2d 1062]. The latter two cases were considered and found inapplicable, where the question was presented on a direct appeal from a default judgment entered over three years after service of summons in violation of the last paragraph of section 581a, in *Lynch* v. *Bencini, supra,* at page 531. The Pavlovich case involved an appeal from an order denying a motion to set aside a default judgment made more than six months after its entry. It went no further than to hold that the default judgment was not void although entered over three years after service of summons. It recog-

nized the authority of *Lynch* v. *Bencini, supra,* but distinguished it on the ground that the Lynch case involved a direct appeal from the default judgment on which the error in entering the judgment could be reviewed and corrected, whereas the Pavlovich case, like *Merner Lumber Co.* v. *Silvey, supra,* involved an attack on the judgment by motion after the lapse of more than six months from its entry on which only want of jurisdiction and not error within jurisdiction could be urged. (See 46 Cal.App.2d pp. 105-6.)

The effect of the several decisions on the question is that it is reversible error to enter a default judgment more than three years after summons served in violation of the last paragraph of section 581a, which error will be corrected on a timely appeal from the judgment so entered.

Respondent argues that the default entered by the clerk is itself an interlocutory judgment sufficient to satisfy the requirements of section 581a, since the default was entered within the three year period. He cites no California case holding that the entry of default is equivalent to an entry of judgment, and cases from other jurisdictions having different statutory provisions are not controlling. The language of section 585 Code of Civil Procedure distinguishes in terms the default and the judgment, providing as it does in subdivision 1 that ''the clerk . . . must enter the default . . . and immediately thereafter enter judgment. . . .'' In *Lynch* v. *Bencini, supra,* the default was entered by the clerk within the three year period but the Supreme Court reversed the default judgment, because it was entered more than three years after the summons had been served, and ordered the action dismissed.

The basis of decision in *Lynch* v. *Bencini, supra,* being that the court has a mandatory duty to dismiss the action where more than three years is allowed to elapse between the service of summons and the entry of judgment for the failure of the defendant to appear and plead, every action taken by the trial court after the lapse of the three year period was tainted with the same error. This is sufficient to dispose of the order allowing the filing of the amended complaint and the entry of the amended judgment.

The judgments and orders appealed from are reversed and the trial court is directed to dismiss the action.

Nourse, P. J., and Spence, J., concurred.