[Civ. No. 15183. Second Dist., Div. Three. Oct. 8, 1946.]

LEWIS PERRY, Appellant, v. HENRY R. DABNEY et al., Respondents.

Morris Lavine and Milton B. Safier for Appellant.

Robert F. Shippee for Respondents.

DESMOND, P. J.—Plaintiff appeals from an "order of the Court granting defendants' motion to dismiss and from the . . . order . . . denying plaintiff's motion for stay and for leave to enter default and/or otherwise proceed in the action," which orders were made and entered on August 20, 1945. The minute order of that date recites that defendants' motion was granted and the action dismissed under the provisions of section 581a of the Code of Civil Procedure.

On March 29, 1940, plaintiff, appearing in propria persona, filed an action against defendants in the Superior Court of Los Angeles County. The complaint alleged that defendants were indebted to one Etta Lee Mindrup in the sum of $3,490.15 on an account stated and that the latter had assigned to plaintiff all of her right, title and interest in the account. A copy of the summons and complaint was served upon both defendants in the city of Long Beach on September 26, 1941. The original summons, with proof of service endorsed thereon was duly returned and filed the same day. On October 27, 1941, plaintiff substituted, in place of himself in propria persona, an attorney named John Leo Harris. Six months later and in the month of April, 1942, Harris was inducted into the Navy and insofar as the record shows was still on active duty in the military service of the United States as of August, 1945. Defendants did not file answers at any time and no default was taken or judgment by default entered against them.

Defendants, on July 20, 1945, filed their motion to dismiss the action "for want of prosecution," pursuant to the provisions of section 581a of the Code of Civil Procedure. Thereafter and on August 16, 1945, present counsel for plaintiff, who had been appointed as such by order of court on August 6, 1945, in the place and stead of John Leo Harris, filed a motion to stay the proceedings "and for leave to enter default and/or otherwise proceed in this action," on the ground that "John Leo Harris, as attorney for plaintiff, is involved in the said law suit and that by reason of the failure of John

Leo Harris to cause the entry of a default and default judgment and/or otherwise proceed in this action, the said John Leo Harris, a person in the military service, would be and is secondarily liable for his negligence and failure to cause the entry of said default and default judgment and/or otherwise proceed in said action unless this court stays the proceedings and permits plaintiff to enter the default of defendants and/or otherwise proceed in this action.'' An affidavit filed on behalf of plaintiff alleged that he was at no time informed that his attorney had entered the military service and given up his practice and that ''no one else, as far as affiant knows, was taking care of the cases,'' and that he did not learn that his attorney had entered the military service until he was served with defendants' motion to dismiss.

Section 581a of the Code of Civil Procedure provides that actions *must* be dismissed by the court in which the same shall have been commenced on its own motion, or on motion of any party interested therein (1) where summons has not issued within one year; (2) where summons has not been served and returned within three years, unless defendant appears within three years, and (3) where summons has been served, but no answer has been filed, if plaintiff fails to have judgment entered within three years after service of summons.

It is apparent that the instant case falls within the third contingency above set forth, which comprises the last paragraph of section 581a, added by amendment in 1933. In discussing the effect of that paragraph, (3) *supra,* the court in *Lynch* v. *Bencini* (1941), 17 Cal.2d 521, said (p. 532) [110 P.2d 662] : ''. . . the last paragraph of section 581a, taken as a whole, imposes a duty upon the plaintiff and imposes a duty on the court to dismiss the action if the plaintiff fails to perform that duty. While formerly the only duty in such a case was one resting upon the clerk, with no penalty for his delay, it is now made the duty of the plaintiff to 'have judgment entered' within the prescribed time, in other words to take affirmative steps to that end.

''When the plaintiff fails to perform that duty his rights are affected and a benefit is conferred upon the defendant by the provision that the court must dismiss the action. The duty thus imposed on the court, however, is not confined to where such action is requested by the defendant but is one which the court is required to exercise 'on its own motion.' This statutory provision is clearly intended to apply to cases where

the defendant is not yet taking any steps for his own protection. Clearly, under the statute, it is error for the court to fail to perform this duty directly imposed upon it." (See, also, *Jacks* v. *Lewis* (1943), 61 Cal.App.2d 148 [142 P.2d 358].)

Appellant concedes "that the order dismissing the action would be proper except for the provisions of the Soldiers' and Sailors' Civil Relief Act" of 1940 (54 U.S.Stats.L. 1178; 50 U.S.C.A.App. § 501, et seq.), and relies particularly on section 513 thereof, which is entitled "Protections of persons secondarily liable." An examination of that section clearly indicates its inapplicability to the situation involved in the instant case. It provides, in part, as follows: "(1) Whenever pursuant to any of the provisions of this Act the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment, or decree, or the performance of any other act, may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, accommodation makers, and others, whether primarily or secondarily subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended. . . ." In attempting to bring the instant case within this section, appellant argues that because his attorney enlisted in the military service of the United States without having default and judgment entered against respondents, and permitted that condition to continue for more than three years after service of summons, the plaintiff should be entitled to have the matter stayed, and the failure of the court to permit the stay now subjects the attorney to an action for malpractice, the effect of which would be to make the attorney secondarily liable upon the obligation sued for. The fallacy of this reasoning is obvious, for whatever action, if any, the plaintiff may have against his attorney would be based upon an entirely different cause from the obligation sued upon. It follows, therefore, that the attorney is not included within the category of those for whose protection section 513 was enacted, namely, "sureties, guarantors, endorsers, accommodation makers, and others, . . . *subject to the obligation or liability,* the performance or enforcement of which is stayed, postponed, or suspended. . . ." (Italics ours.) (See, *Modern Industrial Bank* v. *Zaentz* (1941), 177 Misc. 132 [29 N.Y.S.2d 969].) We have not been directed to, nor have we been able to find, any authority which upholds

appellant's contention that a pending action may be stayed for the benefit of a plaintiff or defendant merely because an attorney representing either party has been inducted into the military service.

Commenting upon appellant's statement in his affidavit that he "did not learn that his attorney had entered the military service until he was served with defendants' motion to dismiss," we find it surprising that so long a time, almost four years after service of summons, was allowed to elapse without action on appellant's part.

The orders are affirmed.

Shinn, J., and Wood, J., concurred.