[Civ. No. 13250.   First Dist., Div. Two.   Dec. 24, 1946.]

EDWARD B. PERRIN, Jr., Appellant, v. HELEN RES-LEURE, individually and as Executrix, etc., et al., Respondents.

William A. White for Appellant.

L. Walter Vivell in pro. per., Single, Anderson & Dawson, Ralph Magee and T. P. Wittschen for Respondents.

NOURSE, P. J.—Defendants moved to dismiss this action on several grounds among which were that the cause had not been brought to trial within five years after complaint filed, and no written stipulation for a continuance had been given; that no summons had been served on the corporation; and that the delay had been deliberate to postpone the trial until after the death of two important witnesses, one of whom was the real party in interest. The plaintiff appeals from the order granting a dismissal as to all defendants.

On September 14, 1940, plaintiff filed suit as a stockholder in the Perrin Properties Inc. (alleging that Perrin Properties had refused to do so) against the corporation, Helen Resleure individually, and as executrix of the estate of J. F. Resleure, Walter Vivell, and Victor Pinckney. On October 22, 1941, plaintiff filed his first amended complaint against the same defendants. William P. Hubbard and F. Walter French were his attorneys of record. Helen Resleure filed her answer on June 10, 1942. Attorneys Ralph McGee and T. P. Wittschen were attorneys of record for Helen Resleure in both her capacities. Defendant Vivell filed his answer on April 6, 1944. The attorneys of record were Single, Bryant, Cook and Herrington, and L. Walter Vivell in pro. per., and as counsel.

On January 2, 1946, Vivell and Helen Resleure filed separate motions to dismiss on the grounds of lack of prosecution.

Attorney William A. White filed an affidavit in which he stated that plaintiff consulted him in September, 1944, and stated to him that his former attorney (F. Walter French) was in the armed forces and was unable to act for him. White was then substituted as attorney for plaintiff. White called

one of the attorneys for Vivell who orally stipulated that if White would not bring the case to trial no motion to dismiss would be made. White then wrote counsel for Resleure and was told that one of her attorneys was ill and White's letter would have his consideration when he returned to his office. No effort was made by plaintiff to contact any of the other counsel for the respective defendants—all of whom were available throughout the entire period of delay.

Plaintiff filed an affidavit in which he stated that his attorney, French, went into the service, but he did not explain why his other counsel of record was not able to conduct the proceedings. He does not disclose why no effort was made to contact Vivell who was a practicing attorney who appeared both as counsel and in propria persona.

Appellant contends that the courts have recognized that the statute relating to dismissals although mandatory in form should not be applied where, although the defendant was not guilty of acts tending to obstruct the administration of justice, it would have been impracticable for the plaintiff to have brought the action to trial. *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361]; *Pacific Greyhound* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]. This case does not come within the rule of those cited. Here the delay was not caused by any act of the moving parties. There were at all times present and available attorneys for all parties who were able to proceed with the trial or to give written stipulations for continuances. The record does not show that the absence of one of the attorneys for plaintiff, or the sickness of one of the attorneys for one of the respondents prevented the prosecution of the trial within the statutory period.

Under section 583 of the Code of Civil Procedure the court may in its discretion dismiss any action which has not been brought to trial within two years. Taking the parties separately the cause was properly dismissed as to respondent Resleure individually and as executrix because no valid excuse was offered for the delay and no promise of counsel either oral or in writing permitted a continuance. As to this respondent, the order of dismissal was proper under both the mandatory and discretionary provisions of section 583, Code of Civil Procedure. As to the Perrin Properties Inc. and respondent Pinckney, no service of process had been made, and no appearance had been filed for more than five years after

the complaint was filed. The action was properly dismissed as to them under the provisions of section 581a, Code of Civil Procedure. Such dismissal is made mandatory by the code section. ■ As to the respondent Vivell, the action was properly dismissed under both the mandatory and discretionary provisions of section 583. The complaint was filed in 1940 attacking on grounds of fraud a transaction of 1934; respondent Vivell filed his answer in April, 1944, represented by himself and four other counsel; one of these five entered the military service from which he returned in 1945 and notified counsel for appellant that no delay in bringing the cause to trial would be agreed to. The trial court could reasonably conclude that these delays were deliberate and taken for the purpose of handicapping the defense to the action. In any event its holding that the excuses were not reasonable disposes of the argument that respondents were estopped by their conduct to urge the dismissal.

The order is affirmed.

Goodell, J., and Dooling, J., concurred.