[Civ. No. 14312. First Dist., Div. One. Dec. 28, 1949.]

CHARLES E. TAINTOR, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent.

PETERS, P. J.—By this proceeding in prohibition the petitioner seeks to prevent the trial court from hearing a motion for an order directing the court clerk to issue an execution to enforce the provisions of a certain judgment against petitioner on the ground that the judgment is void.

The pertinent dates are as follows:

*December 16, 1933:* Complaint filed and summons issued in an action for services rendered, brought by Teresa M. Smith in Santa Clara County against petitioner for $1,877 upon an open book account, and upon an account stated.

*December 30, 1933:* Petitioner was served in Los Angeles County with a copy of the complaint and summons.

*March 16, 1934:* The default of petitioner was entered.

*May 16, 1940:* Judgment in favor of Smith and against petitioner for $1,877, plus interest and costs, entered by the Superior Court of Santa Clara County. The register of actions of that court indicates that a hearing was had on that day and the order for judgment was then filed. Attached to this exhibit is a certificate of the county clerk stating that: "On search being made for Minute entry of Superior Court Clerk of Department 2, on May 16, 1934 [sic 1940] of the Court Order for Judgment in the entitled action . . . it appears that the entry was inadvertently overlooked as no such entry could be found." ' At any rate, petitioner alleges,

and the allegation is admitted by the demurrer, that no notice of the May 16, 1940, hearing was given to him.

*July 25, 1949:* Smith gave notice to petitioner that on August 19, 1949, she would move the court to issue an execution on the May 16, 1940, judgment.

*August 12, 1949:* Petitioner notified Smith that on August 19, 1949, he would move the court for an order dismissing the action on the ground that Smith had failed to have judgment entered within three years of service of summons as required by section 581a of the Code of Civil Procedure.

*August 19, 1949:* Hearing of petitioner's motion.

*August 29, 1949:* Petitioner's motion denied and Smith's motion set for hearing September 12, 1949.

*September 8, 1949:* This petition for prohibition filed and an alternative writ issued.

The main contentions of petitioner are that the judgment of May 16, 1940, was void and beyond the jurisdiction of the court in that it was entered in direct violation of the provisions of section 581a, and that such judgment was also void in that petitioner received no notice of the hearing which culminated in the entry of the judgment. Neither contention is sound.

The pertinent paragraph of section 581a reads as follows:

"All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons. . . ."

In the instant case the default was entered within three years of the service of summons, but the judgment was not entered until nearly seven years after that date. The law is now well settled that, while the entry of the judgment in default cases more than three years after service of summons may be error, such error must be corrected either by an appeal from the judgment or on a motion under section 473 of the Code of Civil Procedure made within six months of the entry of the default. At most, the judgment is erroneous, but it is good on its face, and within the jurisdiction of the court. In *Phillips* v. *Trusheim,* 25 Cal.2d 913 [156 P.2d 25], the complaint was filed and summons served in 1938, the default was entered in 1939, and judgment was entered in 1942. Within 60 days of the date of entry of judgment Trusheim moved to vacate, but he did not appeal

from the judgment. The trial court granted the motion to vacate, but this order was reversed on appeal. The Supreme Court stated the proper rules as follows (p. 916): ''It is well settled that a trial court has jurisdiction to render a default judgment more than 'three years after service of summons' (Code Civ. Proc., § 581a) although such a judgment is erroneous and subject to direct attack upon an appeal from it. (*Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662]; *Pavlovich* v. *Watts,* 46 Cal.App.2d 103 [115 P.2d 511]; *Merner Lumber Co.* v. *Silvey,* 29 Cal.App.2d 426 [84 P.2d 1062].) But if the judgment was entered against Trusheim through the inadvertence or improvidence of the trial court, it had the power independent of statute, to correct the mistake by amending or setting aside the judgment (*Estate of Burnett,* 11 Cal.2d 259 [79 P.2d 89]; *Treat* v. *Superior Court,* 7 Cal.2d 636 [62 P.2d 147]; *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11]), as this presents no question of judicial review upon the merits. However, judicial error which occurs in the rendition of orders or judgments which are the fault of an exercise of judicial discretion may not be corrected except by statutory procedure.'' The court then held that, while a motion under section 473 of the Code of Civil Procedure may be a proper way to correct the error of entering a judgment based on a default in violation of section 581a, such motion must be made within six months of the entry of the default.

*Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662], illustrates the proper way to attack a default judgment entered in violation of section 581a. There, the action was filed in 1934, the default was entered in 1936, and judgment entered in 1939. The defendant appealed from the judgment and from the order denying his motion to vacate. The court held that the judgment was not void on its face and was immune from collateral attack, but could be set aside on an appeal from the judgment. In this connection the court cited, with approval, *Cook* v. *Justice's Court,* 16 Cal.App.2d 745 [61 P.2d 357], and *Merner Lumber Co.* v. *Silvey,* 29 Cal.App.2d 426 [84 P.2d 1062], in both of which cases it was held that the trial court has jurisdiction to enter a default judgment in violation of section 581a, and that such judgment may not be collaterally attacked.

It is quite clear that petitioner was not entitled to notice of the hearing of May 16, 1940, as a result of which judgment was entered against him. Section 585 of the Code

of Civil Procedure provides that after entry of default, the clerk must "immediately thereafter enter judgment for the amount demanded in the complaint. . . ." No notice of this proceeding is required by the section.

In *Christerson* v. *French*, 180 Cal. 523, 525 [182 P. 27], the court said: "The fact that he did not enter judgment 'immediately thereafter' in no way prejudiced the rights of the plaintiff and conferred no right on the defendant, whose default had been regularly entered." In *W. H. Marston Co.* v. *Kochritz*, 80 Cal.App. 352, 357 [251 P. 959], the court said: "While judgment was not actually entered by the clerk, the default having been entered, the fact that judgment was not immediately entered must be considered as entered [sic] so far as the proceedings in this action are concerned, as the clerk's failure to enter judgment upon the default can in no way prejudice the rights of plaintiff and can confer no right on defendant whose default has been regularly entered."

It is true that these two cases were decided in 1919 and 1926 respectively, while the pertinent provision of section 581a of the Code of Civil Procedure was not enacted until 1933. But the rule of the above cases has been approved and applied since the amendment. (*Cook* v. *Justice's Court*, 16 Cal.App.2d 745 [61 P.2d 357].)

Not only do the provisions of section 585 not require notice of entry of judgment or of proceedings looking toward the entry of judgment, but section 1014 of the Code of Civil Procedure expressly declares in part: "But where a defendant has not appeared [i.e., has defaulted], service of notice or papers need not be made upon him unless he is imprisoned for want of bail."

This rule is clearly stated in 14 California Jurisprudence, section 19, page 888, as follows: "A defendant against whom a default has been regularly entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action. He may not thereafter, until the default has been set aside, file pleadings, or move for a new trial, or demand notice of subsequent proceedings." (See, also, *Christerson* v. *French*, 180 Cal. 523 [182 P. 27].)

In *Title Insurance etc. Co.* v. *King etc Co.*, 162 Cal. 44, 46 [120 P. 1066], the rule is stated as follows: "If the default cannot be set aside, because it is not a proceeding or order, of what avail would it be to set aside the judgment? The default would stand undisturbed. A default cuts off the defendant from making any further opposition or objection to the relief

which plaintiff's complaint shows he is entitled to demand. A defendant against whom a default is entered 'is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action.' . . . He cannot thereafter, nor until such default is set aside in a proper proceeding, file pleadings, or move for a new trial, or demand notice of subsequent proceedings. . . . 'A default confesses all the material facts in the complaint.' (*Rowe* v. *Table M.W. Co.*, 10 Cal. 441.) Consequently, if the judgment were vacated, it would be the duty of the court immediately to render another of like effect, and the defaulting defendants would not be heard for the purpose of interposing any denial or affirmative defense.''

Thus, it is quite clear that under sections 585 and 1014, and under the cases, petitioner was not entitled to another notice before judgment could be entered against him. This failure to require notice of such a proceeding did not deny to petitioner due process of law. He had notice of the proceeding when he was served with the complaint and summons. Whether notice of subsequent proceedings is necessary depends entirely upon whether some statute requires such notice —there is no constitutional right to notice of such subsequent proceedings. In *Gray* v. *Hall*, 203 Cal. 306, 318 [265 P. 246], the Supreme Court stated the applicable rule as follows: ''The notice essential to due course and process of law is the original notice whereby the court acquires jurisdiction, and is not notice of the time when jurisdiction, already completely vested, will be exercised. . . . Whether notice of subsequent proceedings, after the court has acquired jurisdiction by original process, will or will not be required is a matter of legislative discretion. After jurisdiction has attached, the party has no constitutional right to demand notice of further proceedings. [Cases cited.] If the defendant in the original action was entitled by statute or rule of court, to notice of the entry of default and application for the judgment, want of such notice does not render the judgment void.''

The alternative writ is discharged and the petition is denied.

Ward, J., and Bray, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 23, 1950. Carter, J., voted for a hearing.