[Civ. No. 17670.   Second Dist., Div. Three.   Dec. 21, 1950.]

GERTRUDE CAHN, Appellant, v. ROBERT S. JONES, Respondent.

Sampson H. Miller for Appellant.

Floyd E. Pendell for Respondent.

SHINN, P. J.—Plaintiff, Gertrude Cahn, appeals from a judgment of dismissal of her action against defendant, Robert S. Jones, on his motion pursuant to the provisions of section 581(a) of the Code of Civil Procedure.

On November 26, 1945, plaintiff filed her complaint for money had and received, alleging that there was due and owing her the sum of $14,189. Summons in the action was issued the same day and an affidavit was filed for writ of attachment against certain real property in which defendant had an interest, and levy was made by the sheriff. There was no personal service of the summons and complaint upon the defendant. Prior to October 21, 1948, the defendant made certain payments on the indebtedness in the sum of $4,897.44. On October 21, 1948, plaintiff filed an amended complaint and summons was issued on the same day. Personal service of a copy of the amended complaint together with summons was made on defendant March 3, 1949. On March 5, 1949, the defendant filed a verified answer to the amended complaint. The cause was finally set for trial on April 25,

1949, and on that day was continued to May 23d. On May 17th the trial was continued by written stipulation until June 27, 1949. Prior to that time, plaintiff served on defendant and filed a notice of motion to amend the amended complaint by adding a second cause of action. This motion was heard on June 7, and granted. On June 14, 1949, defendant demanded a bill of particulars; on June 18, defendant filed a verified answer to the amendment to the amended complaint; on June 24, plaintiff filed and served on defendant· a bill of particulars; the parties then entered into an oral stipulation to continue the trial until September 30, 1949. On June 29, 1949, the defendant filed a notice of motion to dismiss the action under section 581a of the Code of Civil Procedure; the motion was granted on July 18, 1949.

At the time the action was dismissed, section 581a of the Code of Civil Procedure read as follows: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. . . . But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him. . . ."

Plaintiff maintains that defendant by his conduct (as heretofore set forth) waived personal service of summons and conferred jurisdiction upon the court; that pleas based upon lack of jurisdiction of the person are pleas in abatement and are not specially favored in the law; that defendant, in stipulating to continue the trial until a later date has caused plaintiff to alter her position and thus is estopped to move for a dismissal of the action because of the failure to serve

summons upon him within the three-year period; that the trial court failed to find upon the controverted issue of defendant's absence for four months from the state and that in the absence of such a finding no valid judgment of dismissal could be entered.

The statutory provision in question has always been held mandatory. Whenever it has been necessary to decide how the provision affects jurisdiction it has been held that the court is deprived of all power to proceed further with the prosecution of the action. As said in *Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118]: "The statute is 'jurisdictional' in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion for dismissal. *It has power to act only in a certain way, that is, by ordering a dismissal.*" (Emphasis added.) (*Brock* v. *Fouchy,* 76 Cal.App.2d 363 [172 P.2d 945]; *Kelly* v. *Ferbrache,* 119 Cal.App. 529 [6 P.2d 987]; *Bellingham Bay L. Co.* v. *Western A. Co.,* 35 Cal.App. 515 [170 P. 632]; *Perrin* v. *Resleure,* 77 Cal.App.2d 408 [175 P.2d 281]; *Frohman* v. *Bonelli,* 91 Cal.App.2d 285 [204 P.2d 890]; *Pease* v. *City of San Diego,* 93 Cal.App.2d 706 [209 P.2d 843]; *Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 P. 470]; *Davis* v. *Hart,* 123 Cal. 384 [55 P. 1060]; *Sharpstein* v. *Eells,* 132 Cal. 507 [64 P. 1080]; *Grant* v. *McArthur,* 137 Cal. 270 [70 P. 88]; *Swortfiguer* v. *White,* 141 Cal. 576 [75 P. 172]; *Wilson* v. *Leo,* 19 Cal.App. 793 [127 P. 1043]; *McColgan* v. *Piercy,* 17 Cal.App. 160 [118 P. 957]; *People* v. *Kings County Dev. Co.,* 48 Cal.App. 72 [191 P. 1004]; *Ransome-Crummey Co.* v. *Wood,* 40 Cal.App. 355 [180 P. 951]; *Narum* v. *Cheatham,* 127 Cal.App. 505 [15 P.2d 1106]; *Pearson* v. *Superior Court,* 122 Cal.App. 571 [10 P.2d 489]; 167 A.L.R. 1058-1096-1103.)

Prohibition is granted to restrain further exercise of jurisdiction. (*Sauer* v. *Superior Court,* 74 Cal.App. 580 [241 P. 570]; *Thornley* v. *Superior Court,* 89 Cal.App.2d 662 [201 P.2d 567]; *White* v. *Superior Court,* 126 Cal. 245 [58 P. 450]; *Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255 [60 P. 848].)

By Statutes 1933, page 1869, a provision was added to section 581a that of its own motion, or on motion of an interested party, the court must dismiss an action in which summons has been served and no answer filed unless the plaintiff has caused judgment to be entered within three years after

service of summons. It has been held that the provision is mandatory and that the action must be dismissed. (*Perry* v. *Dabney,* 76 Cal.App.2d 395 [173 P.2d 62]; *Schultz* v. *Schultz,* 70 Cal.App.2d 293 [161 P.2d 36]; *Schultz* v. *Superior Court,* 69 Cal.App.2d 530 [159 P.2d 417]; *Rio Del Mar etc. Club* v. *Superior Court,* 84 Cal.App.2d 214 [190 P.2d 295] (prohibition granted); *Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662]; *Jacks* v. *Lewis,* 61 Cal.App.2d 148 [142 P.2d 358].) Nevertheless, it has also been held that if judgment has been entered after the three-year period it will be reversed on direct attack but will not be treated as void for want of jurisdiction to enter it. (*Taintor* v. *Superior Court,* 95 Cal.App.2d 346 [213 P.2d 42]; *Merner Lumber Co.* v. *Silvey,* 29 Cal.App. 2d 426 [84 P.2d 1062]; *Phillips* v. *Trusheim,* 25 Cal.2d 913 [156 P.2d 25]; *Pavlovich* v. *Watts,* 46 Cal.App.2d 103 [115 P.2d 511].) The latter cases do not aid appellant, since no judgment was entered in the present action.

Cases decided under section 583, Code of Civil Procedure, are not in point. The section, while requiring dismissal after five years, contains the proviso, ''except where the parties have filed a stipulation in writing that the time may be extended. . . .'' It has been held that without a written stipulation within the five-year period a defendant may by his conduct thereafter lose the right to have the action dismissed. (*Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 P. 616]; *Smith* v. *Bear Valley etc. Co.,* 26 Cal.2d 590 [160 P.2d 1]; *Koehler* v. *Peckham,* 11 Cal.App.2d 481 [54 P.2d 500]; *Bayle-Lacoste & Co.* v. *Superior Court,* 46 Cal.App.2d 636 [116 P.2d 458].) There was no such proviso in section 581a on June 18, 1949, when the present action was dismissed. Upon the contrary, it was provided that ''no further proceedings shall be had therein,'' and there was no exception that has application to the present situation. Upon the expiration of the three-year period the court could do nothing but dismiss the action. Jurisdiction having been lost, it could not be restored. Although in 1949 the section was amended so as to permit the parties to extend the time by written stipulation this exception was not effective until after the order appealed from was made. Therefore no question is presented by reason of the amendment as to the ability of the parties to extend the time after the expiration of three years. They could not do so under the law as it existed prior to the amendment.

*Cooper* v. *Gordon,* 125 Cal. 296 [57 P. 1006], which is also relied upon by plaintiff, decided that defendant was estopped to move for a dismissal because of two written stipulations, signed by the parties or their assignees, that judgment could be entered against defendant at any time. These stipulations had been entered into *prior* to the expiration of the three-year limitation provided for in the statute. The case was decided upon its particular facts; the court stated that without the stipulations it would have been necessary to dismiss the action. There was no such stipulation in the present action.

The evidence, consisting of affidavits, was conflicting as to whether defendant had been absent from the state. The order implies a finding that he was not absent, and there was direct evidence to that effect.

The action was properly dismissed.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 15, 1951. Carter, J., and Schauer, J., voted for a hearing.