[S. F. No. 2308.    Department Two.—June 6, 1903.]

WILLIAM J. DUNN, Respondent, v. W. R. HEARST, Appellant.

LIBEL—EXCESSIVE VERDICT—PRESUMPTION—REVIEW UPON APPEAL.—The law presumes that a verdict for damages awarded in an action for libel, where the charge was untrue, not privileged, and libelous *per se,* was the result of full and careful deliberation, and prompted by fair and just motives, and did not exceed the wide discretion left to the jury as to just compensation; and where the trial judge, who has heard all the evidence, has refused to disturb the verdict on motion for a new trial, made on the ground that it was excessive, this court will not interfere with the verdict, if the sum awarded is not so grossly excessive as to shock the moral sense and raise a reasonable presumption that the jury was under the influence of passion or prejudice.

ID.—LIABILITY OF PROPRIETOR OF NEWSPAPER.—The proprietor of a newspaper in which a libel is published, though he has no knowledge of the publication at the time, is as responsible for it as he would have been if it had been done by him personally; and it is no defense thereto that it was published in his absence, by a competent employee.

ID.—ACTUAL AND PRESUMED MALICE—REFUSAL OF INSTRUCTION.—An instruction requested by the defendant, which is predicated upon actual malice alone, and did not include the presumed malice, the existence of which would as effectually entitle the plaintiff to damages as if actual malice was found, was properly refused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

W. W. Foote, and J. J. Lermen, for Appellant.

The verdict is excessive, and cannot be sustained against the absent proprietor of the paper, under the facts of the case. (*Wilson* v. *Fitch,* 41 Cal. 363, 383; *Lick* v. *Owen,* 47 Cal. 252; *Taylor* v. *Hearst,* 107 Cal. 262, 269, 271; *Warner* v. *Southern Pacific Co.,* 113 Cal. 105, 111;[1] *Hearne* v. *De Young,* 132 Cal. 357.)

Frank McGowan, for Respondent.

The publication charged plaintiff with the commission of a felony, and was false, not privileged, and libelous *per se,* and the plaintiff was entitled to recover compensatory damages. (*Childers* v. *Mercury etc. Co.,* 105 Cal. 289,[2] and cases cited.) The verdict of five hundred dollars is to be considered solely as compensatory, and is not excessive, in that view. (*Taylor* v. *Hearst,* 118 Cal. 367; *Wilson* v. *Fitch,* 41 Cal. 363; *Gilmer* v. *McClatchy,* 111 Cal. 606.) Malice is presumed from the libelous matter. (Civ. Code, sec. 3294; *Childers* v. *Mercury etc. Co.,* 105 Cal. 290;[2] *Gilmer* v. *McClatchy,* 111 Cal. 606.)

LORIGAN, J.—This is an action for libel against defendant as proprietor of the Examiner, and is the outgrowth of a publication in that journal of plaintiff's alleged presence as timekeeper at a brutal prize-fight in San Mateo County. Plaintiff was awarded a verdict of five hundred dollars damages, and this appeal is taken from the judgment and the order denying defendant's motion for a new trial.

Two grounds are urged for reversal: 1. That the verdict is excessive and was actuated by passion and prejudice; and 2. That the court erred in giving and refusing certain instructions.

As to excessive damages: The charge made against the plaintiff was untrue, not privileged, and libelous *per se.* Upon such a showing a case of actual damage is established, and it is for the jury, in the conscientious discharge of its duty, to fix a just compensation for the injury. The law presumes that the award is the result of full and careful delibera-

---

[1] 54 Am. St. Rep. 327.          [2] 45 Am. St. Rep. 40.

tion, and prompted by fair and just motives. And this presumption acquires added strength when the trial judge, who has heard all the evidence, reviews the verdict on motion for a new trial under the same objections urged against it here and declines to disturb it.

In *Wilson* v. *Fitch,* 41 Cal. 363, 386, a libel case, where a similar point of excessive damages was made, this court says: "The court will not interfere in such cases, unless the amount awarded is so grossly excessive as to shock the moral sense and raise a reasonable presumption that the jury was under the influence of passion or prejudice. In this case, while the sum awarded appears to be larger than the facts demanded, the amount cannot be said to be so grossly excessive as to be reasonably imputed only to passion or prejudice in the jury. In such cases there is no accurate standard by which to compute the injury, and the jury must necessarily be left to the exercise of a wide discretion, to be restricted by the court only when the sum awarded is so large that the verdict shocks the moral sense and raises a presumption that it must have proceeded from passion or prejudice."

We have examined the evidence in the record and find nothing therein which would warrant the application of the above rule.

Upon the instructions: The court instructed the jury at the request of plaintiff as follows: "I charge you that the proprietor of a newspaper in which a libel is published, though he has no knowledge of the publication at the time, is as responsible for it as he would have been if it had been done by him personally or under his direct supervision, and it is no defense to a libel that it was published in the absence of the proprietor by an employee, however competent said employee may be."

We perceive nothing in this instruction which subjects it to criticism. It announces a correct principle of law which is supported by authority. (*Taylor* v. *Hearst,* 107 Cal. 269.)

The only other ground of complaint, is the refusal of the court to give an instruction asked by appellant, as to the rule to be observed by the jury in awarding damages. The instruction as requested assumed, that the only matter for determination by the jury, as a basis for damages, was the presence or

absence of "actual malice" in the publication, and was framed on the theory, that the jury would find that no "actual malice" existed. The instruction was no doubt refused, as tendered, because it entirely ignored the right of the jury to deal with the subject of "presumed malice," the existence of which, would as effectually entitle the plaintiff to damages, as if "actual malice" was found. (*Childers* v. *Mercury etc. Co.*, 105 Cal. 289.[1]) The court, of its own volition, in its instructions to the jury, dealt with the matters embraced in the rejected instruction,—malice and damages,— and gave full and correct instructions on both subjects.

We find no error in the record, and the judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.