[Civ. No. 3611. Second Appellate District, Division One.—October 29, 1921.]

PICKWICK STAGES, NORTHERN DIVISION (a Corporation), Respondent, v. THE BOARD OF TRUSTEES OF THE CITY OF EL PASO DE ROBLES et al., Defendants; J. E. PRICE, Appellant.

[1] JUDGMENTS — COMPENSATORY DAMAGES — REVERSAL ON APPEAL — RIGHT TO EXEMPLARY DAMAGES.—Where a judgment for compensatory damages is reversed on appeal, there is no judgment for actual damages in addition to which the party in whose favor the judgment for compensatory damages had been rendered could be entitled to exemplary damages by way of punishment.

[2] ID.—PROOF OF OPPRESSION, FRAUD OR MALICE—RIGHT TO PUNITIVE DAMAGES—PROVINCE OF COURT OR JURY.—Even upon the clearest and most conclusive proof of oppression, fraud, or malice practiced by a party defendant, or where the existence of such facts are found by a jury or a court trying the facts, it is still the exclusive province of the jury or the court to say whether or not punitive damages shall be awarded.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. T. A. Norton, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. V. Wright and Alex. Webster for Appellant.

Fogel & Beman for Respondent.

SHAW, J.—Upon a cross-complaint filed by defendant Price in the above-entitled action he, in default of an answer filed by plaintiff, had judgment for compensatory damages in the sum of three thousand five hundred dollars. The court made an *omnibus* finding that "each and every allegation, part and paragraph of defendant's cross-complaint is true in every particular." In paragraph 12 of the cross-complaint it was alleged: "That the further sum of five thousand dollars is a reasonable sum to be allowed to this cross-plaintiff herein as exemplary damages herein, by

---

2. Exemplary damages as a matter of right, notes, 28 **Am. St. Rep.** 870; 19 **Ann. Cas.** 574.

way of example and as a punishment for the oppression, fraud and malice practiced, shown and inflicted by cross-defendant upon and toward cross-plaintiff, and hereinbefore particularly set forth and described.''

The contention of appellant is that, inasmuch as the court found that five thousand dollars was a reasonable sum to be allowed to cross-complainant as exemplary damages, he was therefore entitled, upon such finding, to a judgment for said sum, instead of which the court in rendering judgment against plaintiff and for cross-complainant restricted the same to the actual damages sustained from the conduct and acts of plaintiff of which he complained. The statute, section 3294 of the Civil Code, provides that, *in addition to actual damages,* a plaintiff, for the breach of an obligation not arising from contract and where the defendant has been guilty of oppression, fraud or malice, may recover exemplary damages by way of punishment of a defendant. Concededly there could be no recovery of exemplary damages in the absence of a showing that actual damages had been suffered. [1] While cross-complainant Price, as stated, had judgment for three thousand five hundred dollars compensatory damages, such judgment was, on an appeal therefrom by plaintiff, reversed by this court in an opinion filed on the twenty-eighth day of October, 1921. By reason of such reversal it follows there is no judgment for actual damages, in *addition* to which appellant could be entitled to punitive damages.

[2] We may further suggest that, conceding facts to have been established under which there might have been a judgment for punitive damages, nevertheless cross-complainant was not entitled thereto as a matter of right. Even upon the clearest and most conclusive proof of oppression, fraud, or malice practiced by plaintiff, or where the existence of such facts are found by a jury or a court trying the facts, it is still the exclusive province of the jury or the court sitting as a jury to say whether or not punitive damages shall be awarded. (*Lewis* v. *Hayes,* 165 Cal. 527 [Ann. Cas. 1914D, 148, 132 Pac. 1022] ; *Davis* v. *Hearst,* 160 Cal. 143 [116 Pac. 530].) So, conceding the finding to be one of fact (as to which, however, we entertain grave doubt), and establishing the existence of fraud, malice, and oppression practiced by plaintiff in the breach of an obliga-

tion not arising upon contract, nevertheless, since such damages are not a matter of right, the court was fully warranted as a conclusion of law in withholding an award thereof.

Upon the record presented, the judgment, in so far as it fails to award punitive damages to cross-complainant Price, is affirmed.

Conrey, P. J., and James, J., concurred.