[Civ. No. 5178. First Appellate District, Division Two.—May 19, 1925.]

E. V. CHAVEZ, Appellant, v. TIMES-MIRROR COMPANY (a Corporation), Respondent.

[1] LIBEL — ACTION FOR DAMAGES — TRUTH OF STATEMENTS—KNOWLEDGE — EVIDENCE — FINDINGS — APPEAL.—In this action to recover damages for libel founded upon the publication of a newspaper article declaring that a statement on a postcard circulated by plaintiff was a deliberate lie, maliciously framed, the jury was not bound to accept the explanations of plaintiff as to how he came to make the misstatement in question, but it had a right to draw contrary inferences from all the facts and circumstances of the case and to believe that plaintiff knew the true facts; and the jury having brought in a verdict for defendant, the appellate court was not warranted in interfering with the conclusion of the jury.

[2] ID.—EXEMPLARY DAMAGES—DEPENDENCY ON COMPENSATORY DAMAGES—EVIDENCE.—Exemplary damages are not recoverable in any case unless plaintiff establishes his right to compensatory damages; and the plaintiff is not injured by the action of the trial court in excluding evidence directed to the recovery of exemplary damages where he fails to establish a right to compensatory damages.

[3] ID. — ERRONEOUS INSTRUCTIONS — ABSENCE OF PREJUDICE.—In an action for damages for libel, the plaintiff is not prejudiced by reason of any error of the trial court in the giving of instructions on the subject of exemplary or punitive damages, where he fails to establish a right to compensatory damages.

(1) 4 C. J., p. 853, n. 61; 37 C. J., p. 87, n. 69.    (2) 4 C. J., p. 1008, n. 97; 17 C. J., p. 974, n. 20; 37 C. J., p. 127, n. 9.    (3) 4 C. J., p. 1045, n. 51.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

E. V. Chavez, *in pro. per.*, and J. W. Satterwhite for Appellant.

Daniel M. Hunsaker and Hunsaker, Britt & Cosgrove for Respondent.

LANGDON, P. J.—This appeal is by the plaintiff from a judgment against him in an action brought to recover damages for an alleged libelous publication.  This matter came before the supreme court of this state upon an appeal from a judgment entered after a demurrer to the complaint had been sustained, and the opinion filed upon that appeal is reported in 185 Cal., at page 20 [195 Pac. 666].  Therein the judgment was reversed.  We shall not repeat herein the statement of facts, but merely refer to the former opinion, which fully embodies them.  In that opinion the complaint was carefully analyzed and many of the statements in the article complained of are designated as fair comment, provided there was truth in the statement that the plaintiff had circulated "a deliberate lie maliciously framed."  The supreme court said that the quoted language necessarily implied full knowledge on the part of plaintiff of the untruth of the statement on the card as to Walton J. Wood and a deliberate statement thereof with such knowledge.

On the coming down of the *remittitur*, the demurrer was overruled and the defendant answered the complaint.  After denying certain of its allegations, for further defense, it was alleged that the article published by defendant, of which complaint was made, was true.  Upon this issue between the parties the jury was instructed: "This article on its face, if untrue, is libelous *per se.* . . . Therefore, the plaintiff is entitled to a verdict at your hands, unless it is established that the article in its gist or substance is true.  Defendant pleads in its answer that the article in its gist and substance is true.  If this plea is established, then the plaintiff is not entitled to recover and your verdict must

be for defendant." Also: "the plaintiff is not required to show that it was false, but the law places upon the defendant . . . the burden of alleging and proving by a preponderance of the evidence that the defamatory statements contained in the publication were true."

The jury brought in a verdict that the defendant recover its costs from the plaintiff. There is testimony in the record to support this verdict. [1] Appellant sets out in his brief portions of the record which he contends disprove the charge that the statement made by him was a "deliberate lie, maliciously framed." If the jury had believed the explanation of plaintiff, it might have reached a different verdict, with which this court would not have interfered upon appeal; but the jury was not bound to accept this testimony. It had a right to draw contrary inferences from all the facts and circumstances of the case and to believe that the plaintiff, as a practicing attorney in Los Angeles for over eleven years, knew that Walton J. Wood was not a superior judge, but that he was the public defender. Mr. Wood had occupied the latter position for five years at the time the plaintiff made the statement commented upon by the defendant; he had been actively engaged in the trial of cases in the courts and had been mentioned frequently in the newspapers. Plaintiff testified that he had secured his information as to the candidacy of certain superior judges to succeed themselves from the newspaper. There was ample reason, afforded by the facts and circumstances appearing in the record, to warrant the jury in concluding that plaintiff knew that Walton J. Wood was not a judge of the superior court at the time he made the statement of that fact. There is equally good reason, evident from the record, for the jury to believe that the plaintiff did not include, inadvertently, the name of Walton J. Wood as a judge of the superior court, in the place and stead of J. Perry Wood, a judge of the superior court. The plaintiff gave such an explanation of his conduct, but it also appeared that J. Perry Wood was not a candidate for re-election at that time and his name had not been mentioned in any of the newspapers for re-election. Certainly, the record in this case would not warrant an interference with the conclusion reached by the jury upon the questions of fact involved.

[2] Complaint is made of rulings relating to the admission of evidence directed to the recovery of exemplary damages. It is contended that the court should have received evidence as to the value of the business of defendant. Discussion of this matter becomes unnecessary because the jury has found that plaintiff is not entitled to actual damages. Exemplary damages are not recoverable in any case unless plaintiff establishes his right to compensatory damages. (Civ. Code, sec. 3294; *Pickwick Stages* v. *Board of Trustees,* 54 Cal. App. 730, 731 [215 Pac. 558]; *Gilham* v. *Devereaux,* 67 Mont. 75 [33 A. L. R. 381, 214 Pac. 606].) As stated in *Yeager* v. *Southern Cal. Ry. Co.,* 5 Cal. Unrep. 870 [51 Pac. 190]: "The jury having found, as we must assume, that there was no damage, plaintiff was not injured by excluding evidence that went to enhance that to which he was found not entitled."

[3] What has just been said applies with equal force to the complaint of appellant that the court erred in instructing the jury that in view of the record, no exemplary or punitive damages could be awarded because there was no showing of evil motive or actual malice. Had the jury found the plaintiff entitled to actual damages, the correctness of this instruction would have been a vital consideration upon appeal, but since we must assume that under the instructions the jury found that the publication in question was a true statement, there is no right to recover either actual or exemplary damages and no prejudice is suffered by plaintiff by reason of any action of the trial court in regard to the question of exemplary damages.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.