[Civ. No. 6534. First Appellate District, Division One.—February 8, 1929.]

HENRY WARFIELD, Appellant, v. WILLIAM F. KRUEGER, Respondent.

Henry Warfield, *in pro. per.,* for Appellant.

Sylvain D. Leipsic and Henry Heidelberg for Respondent.

TYLER, P. J.—Action for damages for assault, malicious prosecution, and false imprisonment. Plaintiff appears *in propria persona.* By a third amended complaint he charged, under various counts, that defendant, a police officer, arrested him on several occasions, and that said arrests were made maliciously and without probable cause. He also alleged that at the time of making one of the arrests, defendant struck him on the arm. Actual and exemplary damages were prayed for. Defendant denied all the allegations of the complaint. It appeared at the trial, which was had by jury, that plaintiff was in the habit of addressing the public on a certain street corner, he having at some time secured a permit from a police officer so to do, on condition that he would not violate the laws of the state or the United States. Plaintiff testified as to the arrests and the manner in which they were made. Defendant on his behalf testified that he bore no malice toward plaintiff but had in taking him into custody on different occasions acted simply in the performance of his duties and under the instructions of his commanding officer that he was not to permit disturbances of the peace or the blockading of the sidewalks. This officer testified that he had received protests from the merchants doing business in the vicinity of plaintiff's activites, and that plaintiff caused disturbances of the peace and congestion on the sidewalks to such an extent that pedestrians could not pass thereon when plaintiff was speaking. These merchants

were also witnesses, and they testified that plaintiff's acts caused disturbances and a complete blocking of the streets. It also appeared in evidence that plaintiff had been found guilty of one of these charges and had been given a suspended sentence thereon and that he had been dismissed on others. At the conclusion of the trial the jury rendered a verdict in favor of the defendant. Motion for a new trial was made and denied. The appeal is taken from the judgment and order. ▮ In support thereof appellant claims that the court erred in refusing to admit evidence of an arrest of the same character made after the commencement of the action. This evidence was offered to prove malice in support of the claim for exemplary damages. It is further claimed that the court likewise erred in forcing plaintiff to elect upon which count he should go to trial, the court concluding that false arrest and malicious prosecution could not be joined except where they arose out of a different set of facts. Refusal to allow evidence of defendant's financial condition and the giving and refusal to give certain instructions to the jury is also complained of. Upon the first objection it appears from the record that before closing his case plaintiff, for the purpose of proving malice in support of his claim for exemplary damages, offered evidence of another arrest of plaintiff by defendant at the same place and upon the same charge made after the commencement of the action. This offer was rejected by the trial court as being inadmissible for the purpose and was excluded. We fail to see in what manner plaintiff was prejudiced by the ruling. Actual damages must be found as a predicate for the recovery of exemplary damages (2 Sutherland on Damages, 4th ed., sec. 406). The jury having found in favor of defendant, it must be assumed that plaintiff suffered no actual damage. Plaintiff was not injured, therefore, by the exclusion of evidence that went to enhance that to which he was found not to be entitled. Exemplary damages not being recoverable in any case unless a plaintiff establishes his right to compensatory damages, plaintiff was not injured by the action of the trial court in excluding evidence directed to the recovery of exemplary damages where he failed to establish a right to compensatory damages. (*Chavez* v. *Times-Mirror Co.*, 72 Cal. App. 694 [237 Pac. 1085].) What we have said applies with equal force to the contention that

the court erred in excluding evidence of defendant's financial condition. ██ Where there is no actual damage the wealth or lack of wealth of a defendant is immaterial. ██ Nor is there any merit in the claim that the court erred in compelling plaintiff to elect upon which counts he should proceed. Malicious prosecution and false imprisonment cannot exist upon the same state of facts. If the one lies upon the facts the other does not, as they are inconsistent with each other. If the arrests were without lawful authority it was not a case of malicious prosecution; and, if under lawful process, there was no false imprisonment, the imprisonment being by lawful authority. Both cannot exist upon the same state of facts. (*Davis* v. *Pacific Tel. etc. Co.*, 127 Cal. 312–321 [57 Pac. 764, 59 Pac. 698].) Had the acts complained of been based upon different facts the causes of action, no doubt, could have been united under the provisions of section 427 of the Code of Civil Procedure.

We have examined the instructions given and refused, and we find no error in the court's ruling upon the subject.

Judgment and order affirmed.

Knight, J., and Cashin, J., concurred.