[L. A. No. 11184. In Bank.—March 29, 1932.]

MARGARET CLARK, Respondent, v. LILLIAN SANFORD McCLURG, Appellant.

Wolfson & Swarthe, Burnett Wolfson and Earl I. Swetow for Appellant.

Cooper & Collings, Grant B. Cooper and Herman D. Greenschlag for Respondent.

THE COURT.—After further consideration of this case, we are satisfied that our former opinion written by Mr. Chief Justice Waste correctly states the law applicable to the issues involved herein, and we hereby adopt the same as the final opinion of this court. It is as follows:

"In this action for damages, the first count of the complaint is based on an alleged slander asserted to have been uttered by the defendant of and concerning the plaintiff, while the second count sounds in libel. The jury brought in the following verdict: 'We, the jury in the above-entitled action, find for the plaintiff and assess her damages in the sum of ...... ($......) Dollars as actual damages and the sum of Five Thousand ($5,000.00) Dollars as punitive damages, making a total of Five Thousand ($5,000.00) Dollars, this 20th day of September, 1928.' From the judgment entered the defendant prosecuted this appeal urging, among other things, that the verdict is contrary to law and void. This point was presented to the court below by means of various motions, each of which was denied.

"Citing section 3294 of the Civil Code and decisions of the courts of this and other jurisdictions, the appellant contends that a finding of exemplary or punitive damages must be predicated upon and bear a reasonable proportion to a finding of actual or compensatory damages, and that it necessarily follows that the judgment in the instant case, based as it is solely on a finding of exemplary damages, must be reversed. The respondent concedes the rule to be 'that exemplary damages cannot be recovered in the absence of a showing that actual damages were suffered'; but argues that there is a legal presumption that actual damages follow a publication which is libelous *per se*. The utterances and printed statements constituting the basis of this action are, if false and unprivileged, slanderous and libelous *per se*.

██ "Exemplary or punitive damages are not recoverable as matter of right. Their allowance rests entirely in the discretion of the jury, and they may be awarded only where there is some evidence of fraud, malice, express or implied, or oppression. ██ Such damages are mere incidents to the cause of action and can never constitute the basis thereof. This being so, it is generally held that exemplary damages are not recoverable in the absence of a showing of actual damages. The authorities are substantially in accord on the foregoing propositions. (8 R. C. L. 590–594; 17 Cor. Jur. 968–974; 8 Cal. Jur. 861–866.) Section 3294 of the Civil Code concisely states the law of California in this particular. It reads: 'In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.'

"Actual damages being shown, it becomes essential to determine whether the money extent thereof must be found in order to sustain a finding of punitive damages. Upon this proposition the decisions are in hopeless conflict. (8 R. C. L. 593, sec. 137; 33 A. L. R. 384–417; 2 Sutherland on Damages, 1321–1327, sec. 406.) The following cases are cited as illustrative of this lack of uniformity. In *Gilham* v. *Devereaux*, 67 Mont. 75 [33 A. L. R. 381, 214 Pac. 606], it is held that 'The foundation for the recovery of punitive or exemplary damages rests upon the fact that substantial damages have been sustained by the plaintiff. Punitive damages are not given as a matter of right, nor can they be made the basis of recovery independent of a showing which would entitle the plaintiff to an award of actual damages. Actual damages must be *found* as a predicate for exemplary damages. This is the rule announced in many authorities. . . . ' (Italics ours.)

"The contrary rule finds expression in *McConathy* v. *Deck*, 34 Colo. 461 [7 Ann. Cas. 896, 4 L. R. A. (N. S.) 358, 83 Pac. 135], wherein it is declared: 'If actual damage is shown, even though its amount is *not shown, or found,* and the other elements entitling the plaintiff to exemplary damages are present, exemplary damages may be awarded; in

other words, after actual damage is shown, it is unnecessary to show its money extent to sustain a judgment for exemplary damages.'

"Research has failed to disclose any · California case in which this point was directly involved. There are expressions in some of our decisions tending to support the rule represented by the Montana case above cited, while others contain declarations apparently favorable to the Colorado rule. To illustrate: It is stated in *Lewis* v. *Hayes,* 165 Cal. 527, 533 [Ann. Cas. 1914D, 148, 132 Pac. 1022], that 'A plaintiff is entitled to such (punitive) damages *only after the jury,* in the exercise of its untrammeled discretion, *has made the award.'* (Italics added.) (See, also, *Davis* v. *Hearst,* 160 Cal. 143, 173 {116 Pac. 530], and *Wright* v. *Baldwin,* 47 Cal. App. 147, 149 [190 Pac. 377].) On the other hand, the following cases contain expressions which appear to support the rule that an award of exemplary damages may stand if plaintiff merely establishes his right to compensatory damages. (*Chavez* v. *Times-Mirror Co.,* 72 Cal. App. 694, 696 [237 Pac. 1085]; *Pickwick Stages* v. *Board of Trustees,* 54 Cal. App. 730, 731 [215 Pac. 558]; *Warfield* v. *Krueger,* 96 Cal. App. 671 [274 Pac. 764, 765].)

■ "Upon the subject of damages, the court below properly instructed the jury in this case as follows: 'You are instructed that it is not necessary to a recovery by the plaintiff that she should have proved specific damages if she has otherwise suffered actionable wrong at the hands of the defendant; nor is it necessary that plaintiff should have shown any actual intent or desire on the part of the defendant to injure plaintiff by the publication in question. In other words, where the false words complained of are slanderous and actionable *per se,* and there is no proof of express malice on defendant's part, the jury may render a verdict in favor · of the plaintiff, even though she has not proved any special damage unless it be shown that the publication was privileged as elsewhere explained in these instructions, the jury may infer the existence of malice from proof of the publication of false and unprivileged actionable words. . . . You are instructed that in an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, express or implied,

the plaintiff in addition to the actual damages may in the discretion of the jury recover damages for the sake of example and by way of punishing the defendant. The award of exemplary damages depends directly and solely upon the presence of malice in fact in the mind of the defendant. If it was present they may be given. If it was absent, they cannot be allowed . . . '

"We must assume that the jury gave heed to these instructions. From the fact that it awarded punitive damages to the plaintiff, the conclusion necessarily follows that it must have found that with 'malice in fact' the appellant gave utterance to the slander and published the libel complained of. In other words, the jury by its verdict has impliedly found that the appellant maliciously uttered and published certain false and unprivileged statements of and concerning the respondent, which statements, as we have already indicated, were respectively slanderous and libelous *per se*. ■ The law presumes that general damages follow from the utterance or publication of matter slanderous or libelous *per se*. Hence where, as here, the publication is slanderous or libelous *per se*, and is false and unprivileged, a cause of action for actual or compensatory damages is conclusively established. (*Lewis* v. *Hayes,* 177 Cal. 587, 591 [171 Pac. 293]; *Dunn* v. *Hearst,* 139 Cal. 239, 240 [73 Pac. 138]; *Childers* v. *Mercury P. & P. Co.,* 105 Cal. 284, 289 [45 Am. St. Rep. 40, 38 Pac. 903]; 4 Sutherland on Damages, 4541, sec. 1216; 33 A. L. R. 414.) Respondent must, therefore, be held to have established her right to compensatory damages, and the fact that the jury, inadvertently or by some mischance, assessed the entire damages as exemplary, instead of segregating them, constitutes an error of form rather than of substance. In *Courtney* v. *Blackwell,* 150 Mo. 245, 277 [51 S. W. 668, 676], the court declares: 'The jury did find for the plaintiff, and in so doing found that the defendant had published the slander with which he was charged, and upon that finding the plaintiff was entitled to have actual damages assessed in her favor, the slander being of that character from which the law implies such damages. They also found, as is apparent on the face of the verdict, when read in connection with the instructions, that the slander had been wantonly and maliciously published, and it was

also within their province to assess exemplary damages therefor in her favor. So that there was in fact a basis under the instructions for the assessment of both actual and exemplary damages. But by some mischance in the form of the verdict which was given to the jury no place was left therein for the separate assessment of the actual damages, and the whole was returned in a lump sum according to the form as exemplary damages. This was an error of form and not of substance, and as under the facts and circumstances of the case the assessment was reasonable and just, we do not think the judgment ought to be reversed for this error.' The cited case and the case at bar, in each of which the jury either inadvertently or by some mischance omitted to assess the compensatory damages, are clearly distinguishable from the cases of *Hoagland* v. *Amusement Co.*, 170 Mo. 335 [94 Am. St. Rep. 740, 70 S. W. 878], and *Gilham* v. *Devereaux*, 67 Mont. 75 [33 A. L. R. 381, 214 Pac. 606], for in the latter cases the jury, by its verdict, expressly found and determined that the respective plaintiffs had *not* suffered any actual damages.

 "We are disposed to liberally construe the verdict in this case as a general verdict covering all of respondent's damages, both actual and punitive, rather than strictly as an erroneous verdict. The judgment should not be reversed because of the form of the verdict. (Const., art. VI, sec. 4½.)

"This cause was taken over after decision by the District Court of Appeal, Second Appellate District, Division One, in order that we might fully consider the foregoing point of law. We adopt as and for the remainder of the decision of this court the following portion of the opinion prepared by Mr. Justice Houser of the District Court of Appeal:

 "'On the trial of the action, after plaintiff had rested her case in chief, defendant presented a motion to the trial court to the effect that an order of nonsuit be entered as against the plaintiff. The ground of the motion was that as to each count contained in the complaint the communication or publication respectively alleged to have been uttered or published by defendant was privileged within the provisions of section 47 of the Civil Code. The motion was denied, and appellant herein presents for consid-

eration of this court the question of whether, in making such ruling, prejudicial error was committed by the trial court.

" 'As to the first count in the complaint, since the answer thereto contained no defense that the communication of which complaint was made was privileged, it is plain that no error occurred in the order to which attention has been directed. Besides which condition the circumstances shown by the evidence were such that no privilege could attach to the situation in question. Relating to the second count, and as to which the defense of privilege was presented in the answer, on examination of the record herein it is equally clear that the contention of appellant cannot prevail. Assuming that the alleged libel was of such a character that, within the terms of the statute, its publication was privileged, nevertheless, because of the facts and circumstances surrounding its publication, the evidence was sufficient to justify the submission to the jury of the question of whether the privilege accorded to defendant was deemed to have been lost by reason of the fact that the libel was published by defendant maliciously and without reasonable or probable cause for believing that such publication constituted a true statement of facts.

■ " 'Regarding the further contention by appellant that the verdict was for an excessive amount, and consequently must have been rendered under the influence of passion and prejudice, it need only be said that, considering the evidence relating to each of the two counts in the action, together with that part of the evidence which disclosed the social and financial standing of each of the parties to the litigation, it cannot be said that ''the amount awarded is so grossly excessive as to shock the moral sense, and raise a reasonable presumption that the jury was under the influence of passion or prejudice.'' (*Wilson* v. *Fitch*, 41 Cal. 363, 386.) '

"We agree with the District Court of Appeal that the assessment of damages in this case is just and reasonable. (See *Meyers* v. *Berg*, 212 Cal. 415 [298 Pac. 806].)

■ "Our examination of the record satisfies us that the evidence is amply sufficient to warrant a recovery by the plaintiff. The denial of appellant's motion for a directed verdict was proper. We have found nothing requiring a reversal."

The judgment is affirmed. The appeal from the order denying the motion for a new trial is dismissed.

Rehearing denied.

Shenk, J., and Seawell, J., dissented.