[Civ. No. 17979.   Second Dist., Div. Three.   May 14, 1951.]

JOHN G. OPPENHEIMER, Appellant, v. JULIUS
DEUTCHMAN et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

Edward M. Raskin for Respondents.

BARTLETT, J. pro tem.—This is an appeal from a judgment of dismissal following the sustaining of defendants' demurrer to appellant's first amended complaint and amendment thereto with leave to amend, but which appellant declined to amend.

The first amended complaint was filed December 28, 1949. On January 12, 1950, respondents' demurrer to this pleading was sustained with leave to amend within 10 days. On January 23, 1950, appellant filed an amendment to the first amended complaint which consisted only in the deletion of one word. On February 28, 1950, a demurrer to the first amended complaint, as amended, was sustained and appellant was again given 10 days to amend. He refused to amend and the court made its order dismissing the action on March 28, 1950.

■ No cause of action is stated against the respondents, Victor Deutchman and Jack Morgan. The amended complaint alleges that respondent Julius Deutchman assaulted and battered appellant but all that is alleged as to these two respondents is that they were agents or employees of said defendant and, acting in the scope of their employment, aided and abetted the actions of Julius Deutchman by concealing his identity although they knew it was appellant's duty to serve process on Julius Deutchman. No actual or general damages are alleged to have resulted from their acts or failure to act and the action against them is solely for exemplary and punitive damages. ■ As no actual damage is alleged, no award of punitive or exemplary damages could be made. (*Rosenberg* v. *J. C. Penney Co.*, 30 Cal.App.2d 609 [86 P.2d 696]; *Clark* v. *McClurg*, 215 Cal. 279 [9 P.2d 505, 81 A.L.R. 908].)

■ As to the respondent Julius Deutchman, the amended complaint stated a cause of action for assault and battery and a general demurrer did not lie. ■ The special demurrer as to him was not well taken because the uncertainties set forth in the demurrer either did not exist or because the allegations criticised refer to immaterial matter or surplusage which could be omitted without impairing the sufficiency of the complaint. (*Aronson* v. *Bank of America*, 42 Cal.App.2d 710, 720, 721 [109 P.2d 1001].)

The judgment of dismissal is affirmed as to respondents Victor Deutchman and Jack Morgan. The judgment of dismissal as to the respondent Julius Deutchman is reversed and the court below directed to overrule the demurrer as to that respondent and permit him to answer the amended complaint.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 28, 1951, and appellant's petition for a hearing by the Supreme Court was denied July 12, 1951.