[Civ. No. 14910. First Dist., Div. Two. Feb. 29, 1952.]

MELVIN F. LAW, Appellant, v. FRED DARTT, Respondent.

Douglas A. Pease for Appellant.

Doyle & Clecak and Henry G. Sanford for Respondent.

NOURSE, P. J.—Plaintiff pleaded two causes of action for damages for personal injuries—the first alleging that he was an employee engaged by defendant under a contract of employment as a "student trainee," the second alleging that he was an employee and praying for punitive damages for the alleged willful misconduct of the employer. Defendant's answer admitted the employment and specially pleaded an award of the Industrial Accident Commission granting plaintiff's petition for compensation for injuries sustained during the course of his employment by defendant; also the payment of said award and the acceptance by plaintiff. These same facts were alleged in plaintiff's second cause of action.

At the commencement of the trial defendant's objection

to the introduction of evidence was granted and judgment was entered for the defendant. The appeal is from this judgment.

The first cause of action alleges that "said defendant engaged plaintiff as an employee at said place of business." Then follow allegations that the employment was under the terms of the federal act providing for "On The Job Training," that defendant failed to provide adequate instruction and training, and that, while working in that capacity, plaintiff was severely injured. This cause of action is based on a failure of duty to provide adequate training and supervision during the course of the employment.

■ The answer pleads plaintiff's application for compensation filed with the Industrial Accident Commission, the award of the commission, and payment thereof to plaintiff. That award forecloses any separate action for damages for the same injuries and the superior court was without jurisdiction to entertain this cause of action. (Lab. Code, § 3601; *Buttner* v. *American Bell Tel. Co.*, 41 Cal.App.2d 581 [107 P.2d 439]; *Jackson* v. *Pacific Gas & Elec. Co.*, 95 Cal.App.2d 204, 207 [212 P.2d 591]; *Walker* v. *City & County of San Francisco*, 97 Cal.App.2d 901, 908 [219 P.2d 487].)

■ The second cause of action purports to plead a cause based on the alleged malicious misconduct of defendant in permitting plaintiff to work on the machine without proper instruction or guidance. It pleaded the facts of his application filed with the Industrial Accident Commission and the payment of the award. Here, again, plaintiff is foreclosed by the Labor Code. Section 4553 provides: "The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and wilful misconduct of. . . . But such increase of award shall in no event exceed $2,500." That this is an exclusive remedy for such damage cannot be doubted in view of sections 3600 and 3601 of the code which provide that the remedies outlined in the code are "in lieu of any other liability whatsoever."

The cases herein before cited are ample authority for this conclusion.

Judgment affirmed.

Goodell, J., and Jones, J. pro tem., concurred.