[Civ. No. 15375.   First Dist., Div. Two.   July 20, 1953.]

TROY CHARLES SASSER, Appellant, v. MILES & SONS TRUCKING SERVICE (a Copartnership) et al., Respondents.

Emmett R. Burns and Edward A. Friend for Appellant.

Mullen & Filippi for Respondents.

GOODELL, J.—In this action for personal injuries a demurrer to plaintiff's third amended complaint was sustained without leave to amend and this appeal followed.

The partnership business of defendants is a public utility engaged in hauling. Plaintiff was employed as the operator of one of its tractors at the time of his injuries on March 22, 1951.

The complaint alleged that just before the accident he had been compelled by his employers' orders to drive for them continuously for 38 hours without sleep or rest; that the tractor shimmied so badly that it was difficult to hold it on the road; that seven other drivers had, on the night in question refused to drive it; that because of its defective condition and plaintiff's excessive fatigue it ran off the road at the overpass at the intersection of Bayshore Boulevard and the old Monterey Highway.

It alleged on information and belief that respondents on this occasion wilfully violated provisions of the vehicle code and safety rules and regulations of the Public Utilities Commission, including General Order 93-A.

It alleged that plaintiff not only sustained serious injuries but lost his job with defendants and was out of work for a considerable time as a result of the accident.

The prayer was for $50,000 "as and for exemplary damages," and costs.

Defendants demurred on the general ground, and on the ground that jurisdiction was vested exclusively in the Industrial Accident Commission. There was a special demurrer as well.

Appellant asserts that the complaint is sufficient since it shows that defendants wilfully violated laws and regulations governing public utilities, and that he was injured because of such violations. From these premises he argues that he has a specific statutory right of action under section 2106 of the Public Utilities Code which reads:

"Any public utility which does, causes to be done, or permits any act, matter, or thing prohibited or declared unlawful, or which omits to do any act, matter, or thing required to be done, either by the Constitution, any law of this State, or any order or decision of the commission, shall be liable to the persons or corporations affected thereby for all loss, damages, or injury caused thereby or resulting therefrom. If the court finds that the act or omission was wilful, it may, in addition to the actual damages, award exemplary damages. An action

to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction by any corporation or person . . .."

The complaint contains the following waiver: "That plaintiff, although he has been seriously injured by reason of the premises heretofore alleged, waives all claim to compensatory damages in this action, preserving, however, his right to recover compensatory damages in any other proceeding that may be authorized by law."

Appellant contends that he "has a specific statutory right to recover exemplary damages" and that "The remedy afforded by the Industrial Accident Commission is exclusive as to compensatory damages only and not as to exemplary damages."

This position completely divorces exemplary damages from compensatory damages.

Section 3294 Civil Code provides that in certain actions "the plaintiff, *in addition to the actual damages,* may recover damages for the sake of example and by way of punishing the defendant." (Emphasis added.) Section 2106 adopted the language just emphasized.

In *Pickwick Stages* v. *Board of Trustees,* 54 Cal. App. 730, 731 [215 P. 558], the court stresses this language saying: "Concededly there could be no recovery of exemplary damages in the absence of a showing that actual damages had been suffered." It is only natural that judicial decisions should draw attention to the words *"in addition to* the actual damages" since they tell the whole story. In *Leavitt* v. *Gibson,* 3 Cal.2d 90, 108 [43 P.2d 1091], the court speaks of the language of section 3294 as "too simple and clear to require interpretation . . . The object of the statute is plainly twofold."

Appellant has produced no case holding that exemplary damages are recoverable as matter of right or in the absence of a showing of actual damages, and the authorities hold directly to the contrary. *Clark* v. *McClurg,* 215 Cal. 279, 282 [9 P.2d 505, 81 A.L.R. 908] does so in so many words. It holds also that exemplary damages "are mere incidents to the cause of action and can never constitute the basis thereof."

Appellant's contention really comes to this: that he can recover his compensation proper through the Industrial Accident Commission and at the same time recover exemplary damages through the civil courts.

■ In *Alaska Packers Assn.* v. *Industrial Acc. Com.*, 200 Cal. 579, 583 [253 P. 926], the court said: "The California Workmen's Compensation Act . . . substitutes a new system of rights and obligations for the common-law rules governing the liability of employers for injuries to their employees [Citation]. When the specified conditions exist, *the remedy provided by the act is exclusive of all other statutory* or common-law *remedies.* [Citation.]" (Emphasis added.) Later cases are *Freire* v. *Matson Navigation Co.*, 19 Cal.2d 8, 10 [118 P.2d 809] ; *Baugh* v. *Rogers,* 24 Cal.2d 200, 207 [148 P.2d 633, 152 A.L.R. 1043] ; *Burton* v. *Union Oil Co.*, 129 Cal.App. 438 [19 P.2d 9] ; *Buttner* v. *American Bell Tel. Co.*, 41 Cal.App.2d 581 [107 P.2d 439], and *Jiminez* v. *Liberty Farms Co.*, 78 Cal.App.2d 458, 459 [177 P.2d 785].

Workmen's Compensation legislation within its own structure provides in Labor Code, section 4553, for "additional compensation" (see *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180, 193 [193 P. 105, 16 A.L.R. 611]) where an employee has been injured by his employer's "serious and wilful misconduct."

■ A situation somewhat similar to this (where, however, no independent statute such as section 2106 Public Utilities Code was involved) was before this court in *Law* v. *Dartt,* 109 Cal.App.2d 508 [240 P.2d 1013], where the plaintiff's second cause of action in the superior court was "based on the alleged malicious misconduct of defendant in permitting plaintiff to work on the machine without proper instruction or guidance." We held that section 4553 of the Labor Code was the measure of the employee's recovery for his employer's serious and wilful misconduct. In the instant case appellant concedes that the Labor Code is exclusive as to normal or basic compensation; consistently with our holding in the Dartt case, we must hold that the Labor Code is exclusive also as to "additional compensation" arising from serious and wilful misconduct of the employer.

The waiver in the complaint completely removed the issue of compensatory damages from the case and left the plaintiff with no pleading upon which a finding or verdict for actual damages could have been based. Had the plaintiff attempted to prove actual damages he would have been halted by the objection that there was no such issue. He would have found himself ultimately in the same situation as if he had alleged actual damages but failed to prove them. Such was the case in *Mother Cobb's Chicken Turnovers, Inc.* v. *Fox,* 10 Cal.2d

203 [73 P.2d 1185], where the trial court found that there were no actual damages, and in *Haydel* v. *Morton*, 8 Cal.App. 2d 730 [48 P.2d 709], where the verdict for exemplary damages was not based on actual damages. See, also, *Pickwick Stages* v. *Board of Trustees, supra,* and *Chavez* v. *Times-Mirror Co.,* 72 Cal.App. 694, 697 [237 P. 1085].

In the Fox case the court quoted from *Gilham* v. *Devereaux,* 67 Mont. 75 [214 P. 606, 33 A.L.R. 381, 382-383], as follows: "The foundation for the recovery of punitive or exemplary damages rests upon the fact that substantial damages have been sustained by the plaintiff. Punitive damages are not given as a matter of right, nor can they be made the basis of recovery independent of a showing which would entitle the plaintiff to an award of actual damages. Actual damages must be found as a predicate for exemplary damages. This is the rule announced in many authorities . . .." The court added: "This case has been cited with approval in this state in *Clark* v. *McClurg,* 215 Cal. 279 [9 P.2d 505, 81 A.L.R. 908], *Haydel* v. *Morton,* 8 Cal.App.2d 730 [48 P.2d 709], and in *Chavez* v. *Times-Mirror Co.,* 72 Cal.App. 694, 697 [237 P. 1085]. In *Haydel* v. *Morton, supra,* the most recent of the cited cases, the jury returned a verdict for plaintiff in an action for slander in the following form: 'We the jury find a verdict for the plaintiff and against the defendant on said count and assess the compensatory damages in the sum of $00; we assess the exemplary damages at $10,000; making a total verdict for the plaintiff in the sum of $10,000.' The appellate court reversed the judgment based on this verdict, citing *Gilham* v. *Devereaux, supra,* and *Clark* v. *McClurg, supra.*"

Other cases on the subject are *Brewer* v. *Second Baptist Church,* 32 Cal.2d 791, 800-801-802 [197 P.2d 713]; *Warfield* v. *Krueger,* 96 Cal.App. 671, 673 [274 P. 764]; *Rosenberg* v. *J. C. Penney Co.,* 30 Cal.App.2d 609, 628 [86 P.2d 696]; *Birch Ranch & Oil Co.* v. *Campbell,* 43 Cal.App.2d 624, 628 [111 P.2d 445]; *Oppenheimer* v. *Deutchman,* 104 Cal.App.2d 165, 166 [230 P.2d 873]. In the last-cited case (hearing denied) it is said: "As no actual damage is alleged, no award of punitive or exemplary damages could be made" (citing Penney and McClurg cases, *supra*).

It is self-evident that in a case where no actual damages are alleged, or where they are alleged but not proved, or where—as in this instance—they are waived, there is no basis for the computation of exemplary damages (see *Plotnik* v.

*Rosenberg,* 55 Cal.App. 408 [203 P. 438] ; *Wilkinson* v. *Singh,* 93 Cal.App. 337, 345 [269 P. 705]).

Appellant cites section 3534 Civil Code which provides that "Particular expressions qualify those which are general," and argues therefrom that the provisions of section 2106 override the general provisions of the Labor Code. He argues, further, that the parent section of section 2106 was enacted earlier than the Workmen's Compensation Act. We see no reason to go into these questions in view of the settled line of authority already cited and of the several pronouncements of the Supreme Court that "the remedy provided by the act is exclusive of all other *statutory* or common-law remedies" (*Alaska Packers Assn.* v. *Industrial Acc. Com.,* 200 Cal. 579, 583, *supra; Baugh* v. *Rogers,* 24 Cal.2d 200, 207, *supra;* emphasis added).

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1953.