[Civ. No. 37034. First Dist., Div. Two. Aug. 26, 1976.]

EMIL WEISS, Plaintiff and Appellant, v.
SOMA BLUMENCRANC et al.,[1] Defendants and Respondents.

[1]The complaint named as defendants Soma Blumencranc, his wife Bella, his son Leon, and several Does, and the default of all three was entered on September 21, 1972. However, the subsequent default judgment found that the bakery partnership was

**COUNSEL**

Raymond H. Levy and Paul E. Rabin for Plaintiff and Appellant.

Leonardo S. Bacci for Defendant and Respondent.

composed of Soma Blumencranc and Weiss; both of the amended judgments were also rendered only against Soma Blumencranc; the order vacating the amended judgments also referred in the body only to Soma Blumencranc. However, all of the amended judgments and notice of entry continued to use the title Soma Blumencranc, et al., as did the order that is the subject of this appeal. Thus, as a practical matter, only Soma Blumencranc is the respondent on appeal but the original title has been retained throughout the proceedings. We deem it proper to do so on this appeal.

## Opinion

**TAYLOR, P. J.**—Weiss appeals from an order, dated March 11, 1975 (signed Mar. 19, 1975, and filed Mar. 20, 1975), setting aside two amended supplementary judgments awarding him punitive damages in his action against Blumencranc, his former partner, for dissolution and an accounting. Both of the judgments set aside supplemented a default judgment dated October 20, 1972, against Blumencranc that had deferred the question of punitive damages until after the completion of the accounting. The main question on appeal is one of first impression, namely, whether pursuant to Civil Code section 3294, a prayer for compensatory damages is a prerequisite for an award of punitive damages. For the reasons set forth below, we have concluded that the statute does not require a prayer for compensatory damages when punitive damages are pled and proved. Accordingly, the court below abused its discretion in setting aside the two amended judgments, and its order of March 11, 1975, must be reversed.

The basic facts are not in dispute. Weiss and his brother-in-law Blumencranc entered into an oral partnership agreement to purchase and manage Posman's Bakery in San Francisco from December 1971 to April 1972. On May 19, 1972, Weiss initiated the instant action for dissolution, appointment of a receiver, accounting and punitive damages. The complaint alleged that Weiss had liquidated his business in southern California and moved to San Francisco in accord with the partnership agreement, alleged that the amount of Weiss' partnership contribution was $4,159.94, and sought punitive damages of $50,000 for fraud.

The default of all three Blumencrancs was entered on September 21, 1972, and a default judgment rendered in favor of Weiss on October 30, 1972, and notice of entry filed on November 3, 1972. The default judgment: 1) held that the bakery was a partnership[2] composed of Weiss and Soma Blumencranc; 2) ordered a full accounting of all partnership assets; 3) appointed a receiver; 4) enjoined the transfer of funds held by Blumencranc's attorney, Lippian; and 5) held in abeyance the determination as to punitive damages until the accounting of the assets of the partnership was completed.

---

[2]The finding was necessary as Blumencranc initially denied the existence of the partnership in his pleadings but subsequently at the November 1, 1974, hearing, it appeared that his attorney in April and May 1973 wrote a letter to a partnership creditor indicating that Weiss was a silent partner and should be held for the balance due.

Several years later, after the completion of the accounting, an ex parte hearing on punitive damages was held on November 1, 1974. At this hearing, Weiss testified as to the extent of actual damages he had incurred as a result of the actions of Blumencranc. The court then entered the first supplementary judgment of November 13, 1974, awarding Weiss general damages as his share of his partnership interest, along with punitive damages of $20,000.[3] The judgment also provided that if recovery of $8,000 was made from the State Bar Client's Security Fund,[4] each party was to receive $4,000; Blumencranc's $4,000, however, was to be paid to Weiss in partial satisfaction of the total judgment; the court further directed that two checks presented in evidence, totaling $500, be cashed and utilized to reduce the judgment.

The first amended judgment generally awarding punitive damages in the amount of $20,000, entered on November 13, 1974, did not specify the names of any of the defendants named in the complaint. On January 6, 1975, a second amended judgment was entered to show that the punitive damages were specifically awarded "in favor of. . .Weiss and against. . .Soma Blumencranc. . . ." In all other respects, the January 6, 1975, judgment was identical to the judgment of November 13, 1974. The order of March 11, 1975, that is the subject of this appeal, vacated both of the above judgments pursuant to Blumencranc's motion of January 31, 1975.

At the hearing on the motion, both parties participated. Only the amended judgments vacating the $20,000 punitive damages are in issue on this appeal, as the order of March 11, 1975, vacated only these amended judgments. No appeal was taken from and no further proceedings were filed as to the other portions of the 1972 default

[3]This amount was $30,000 less than that sought by Weiss in his complaint, and was based on proof of actual damages incurred by Weiss, as follows: 1) $12,000 as a result of earnings lost after he liquidated his service station in Los Angeles to enter the partnership with Blumencranc; 2) $1,350 as expenses incurred in moving from Los Angeles to San Francisco and back again; 3) $100 incurred as a result of an attachment for unpaid taxes on the bakery; and 4) $400 incurred as a result of a judgment rendered on a partnership debt. Both of these latter obligations apparently were incurred after Weiss had ceased actively managing the bakery. The court thus considered the amount contributed by Weiss to the partnership, but awarded no compensatory damages, as none were sought by the complaint.

[4]The State Bar fund was involved as by the time of the judgment, Blumencranc's attorney, Lippian, had died and the only assets of the partnership found, $8,000, were not in Lippian's trust account. Apparently the bakery had been sold by Blumencranc to a third party for this amount on January 8, 1972, without the knowledge or consent of Weiss.

judgment that determined the existence of a partnership and ordered a dissolution with a full accounting. Weiss filed a timely notice of appeal on the judgment roll; subsequently, we granted his motion to augment the record to include the reporter's transcript of the proceedings of March 11, 1975, as without the transcript we could not determine one of the issues on appeal, namely, whether the amended judgments and the order setting them aside, dealt with the entire default judgment or only the reserved question of the punitive damages. (Rule 12(a), Cal. Rules of Court; order dated Feb. 10, 1976.)

■ Weiss first contends[5] that the court below did not have jurisdiction to issue any order vacating the default judgment, pursuant to Code of Civil Procedure section 473. The record indicates that Blumencranc did not file his application to set aside the default within the requisite six-month period after the default was taken, and also failed to accompany his motion with an answer or proposed pleading, as further required by the statute. Weiss also properly asserts that Blumencranc had no right to notice of the hearing as to an opportunity to be heard after default.

The record of the March 11, 1975, hearing on Blumencranc's motion to set aside the amended judgments clearly indicates that the lower court's decision to vacate the amended judgments was *not* made on the basis of extrinsic fraud, as Blumencranc contends.[6] The record merely indicates

---

[5]Blumencranc, for the first time on appeal, argues that Weiss waived or is estopped from asserting any rights he may have acquired by virtue of Blumencranc's default. As this contention was not raised below, it may not be raised for the first time on appeal (*Bardessono* v. *Michels,* 3 Cal.3d 780, 794 [91 Cal.Rptr. 760, 478 P.2d 480, 45 A.L.R.3d 717]).

[6]Blumencranc bases his contention of fraud on Weiss' failure to give notice of the default hearing. However, this court (Div. One, Peters, J.) in *Taintor* v. *Superior Court,* 95 Cal.App.2d 346 [213 P.2d 42], held (at pp. 350-351) that until a default is set aside, the defendant " '. . .is out of court and is not entitled to take any further steps in the cause affecting plaintiffs' right of action. He may not thereafter, until the default has been set aside, file pleadings, or move for a new trial, or demand notice of subsequent proceedings.' . . .Whether notice of subsequent proceedings is necessary depends entirely upon whether some statute requires such notice—*there is no constitutional right to notice of such subsequent proceedings.*" This court then held that the only notice required by due process was the original one whereby the court acquired jurisdiction. (*Taintor, supra,* italics added.) We think *Taintor* on this issue is the only reasonable approach under the statutes (see Witkin, Cal. Procedure (2d ed.) Proceedings Without Trial, § 77, pp. 2740-2741). In any event, at the hearing of March 11, 1975, Blumencranc's attorney admitted that he had notice of the default of September 21, 1972, as early as March 12, 1973, well within the period of six months from the entry of the default. Thus, he could have made a timely motion pursuant to Code of Civil Procedure section 473. We need not reach his contention, made for the first time on appeal, that his due process rights were violated by the application of the above quoted rule and holding of *Taintor.*

that the court was concerned about the ex parte nature of the hearing on punitive damages and carefully pointed out that *only* supplementary judgments awarding punitive damages were being set aside. The default and the original default judgment dissolving the partnership requiring an accounting were never set aside or appealed and thus became final. The record also indicates that the court below was satisfied that the six-month requirement of section 473 of the Code of Civil Procedure had been met by Blumencranc's motion only as to the amended judgments of 1974 and 1975, and not the default or the default judgment of 1972.

The court, however, erred in its conclusion. Neither of the amended judgments pertaining to punitive damages could have been properly vacated pursuant to Code of Civil Procedure section 473.[7] The record indicates that the default against Blumencranc was entered by the clerk on September 21, 1972. Pursuant to the statute, Blumencranc had six months to make application for relief (*Turline, S.A.* v. *Jury,* 207 Cal.App.2d 655, 656 [24 Cal.Rptr. 625]; *Garcia* v. *Gallo,* 176 Cal.App.2d 658, 669 [1 Cal.Rptr. 539]); he did not file a motion until March 11, 1975, well over two years later. The court's effort to set aside only the amended judgments was ineffective as the six-month period runs from *the date of entry of default* rather than from *the date of entry of the default judgment* (*Northridge Financial Corp.* v. *Hamblin,* 48 Cal.App.3d 819, 825-826 [122 Cal.Rptr. 109]; *Koski* v. *U-Haul Co.,* 212 Cal.App.2d 640, 643 [28 Cal.Rptr. 398]). Despite the purported vacation of the amended judgments alone, pursuant to section 473, the default itself remained, thereby permitting immediate entry of another judgment that gave Weiss the relief to which he was entitled on the basis of his complaint for dissolution (*Nemeth* v. *Trumbull,* 220 Cal.App.2d 788, 791-792 [34 Cal.Rptr. 127]).

As we have concluded that the portions of the two prior judgments pertaining to punitive damages could not be vacated on the basis of either extrinsic fraud or pursuant to section 473 of the Code of Civil Procedure, we inquire whether the action of the lower court was correct upon any other applicable theory (*D'Amico* v. *Board of Medical Examiners,* 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10]).

The action of the court can only be upheld if: 1) the relief granted on default was in excess of the relief demanded in the complaint pursuant to

---

[7]The court below implied that its action was taken pursuant to Code of Civil Procedure section 473, as it referred to the jurisdictional six-month period of that statute at the hearing.

Code of Civil Procedure section 580, rendering the entire judgment in excess of jurisdiction (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial § 156, pp. 2812-2813); or 2) the award of punitive damages itself was void pursuant to Civil Code section 3294, which provides: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, *in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant*" (italics supplied).

Clearly, the requirements of Code of Civil Procedure section 580 were complied with, as the award of punitive damages alone was not in excess of the relief sought by the complaint. Weiss sought punitive damages and was awarded only punitive damages. The cases cited by Blumencranc are inapposite and do not warrant discussion in detail.[8]

■ The only remaining question is whether, in view of Civil Code section 3294 the court was justified in setting aside the amended judgments for punitive damages on the ground that Weiss had not prayed for compensatory damages and thus could not recover actual damages.

It is well established that actual damages cannot be awarded in absence of a prayer for compensatory damages (former Code Civ. Proc., § 426, now Code Civ. Proc., § 425.10, added by Stats. 1971, ch. 244, operative July 1, 1972, several months after the filing of Weiss' complaint on May 19, 1972; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 784, p. 2399; *Bice* v. *Stevens,* 136 Cal.App.2d 368 [289 P.2d 95]). However, it does not follow that punitive damages cannot be granted in absence of a prayer for compensatory damages and a recovery based thereon. The allegation and proof of actual damages are determinative[9] and not the prayer or recovery.

[8]In *Gudarov* v. *Hadjieff,* 38 Cal.2d 412 [240 P.2d 621], the plaintiff prayed only for compensatory damages, but was awarded both compensatory and punitive damages; in *Contractor's etc. Assn.* v. *Cal. Comp. Ins. Co.,* 48 Cal.2d 71 [307 P.2d 626], the plaintiff sought to recover dividends to which it claimed to be entitled upon an agreement made in conjunction with the purchase of a policy of workmen's compensation insurance. The plaintiff sought recovery on three counts. The court held that the first two counts based on the alleged agreement were subject to the same defense of illegality (*id.,* at p. 76); the plaintiff's third count, wherein he prayed for punitive damages, was held to be based upon breach of contract that would not support an award of punitive damages (*id.,* at p. 77).

[9]In addition, since Blumencranc as the defaulting defendant is deemed to have admitted each and every allegation in the complaint through his default, Weiss must be held to have established his right to compensatory damages, thus supporting an award solely of punitive damages (*Horton* v. *Horton,* 18 Cal.2d 579, 585 [116 P.2d 605]; *Ingram*

We find *Topanga Corp.* v. *Gentile,* 249 Cal.App.2d 681 [58 Cal.Rptr. 713], most helpful on this point. In *Topanga,* as in the instant case, the plaintiff (a corporation) sought equitable relief (including reformation and cancellation of shares of stock) from alleged fraudulent transactions in which the defendant stock promoters were involved (see *James* v. *Public Finance Corp.,* 47 Cal.App.3d 995, at p. 1002 [121 Cal.Rptr. 670]). Punitive damages were pled while actual damages were *neither* prayed for nor recovered. The trial court granted equitable relief, but denied punitive damages, apparently on the same ground as that here urged by Blumencranc, e.g., that no actual damages were prayed for or awarded (*Topanga, supra,* at p. 691). The appellate court affirmed the judgment of the lower court in all respects, except as to the matter of punitive damages, which was remanded for rehearing and redetermination. The court held, at page 691: "the fact that plaintiffs were not given a grant of monetary damages of a certain amount *is not determinative.* Plaintiff was indeed damaged by defendants' fraud for defendants had, as the result of the fraud, received stock in an amount not commensurate with the value of their contribution to the corporation. . . .The requirement of 'actual damages' imposed by section 3294 is simply the requirement that a *tortious act be proven if punitive damages are to be assessed*" (italics added). (See *Mother Cobb's Chicken T., Inc.* v. *Fox,* 10 Cal.2d 203, 206 [73 P.2d 1185]; *Esparza* v. *Specht,* 55 Cal.App.3d 1, 6 [127 Cal.Rptr. 493].)[10]

In view of the above, we think that the trial court could not properly predicate its decision to vacate the amended judgments on Civil Code

---

v. *Bob Jaffe Co.,* 139 Cal.App.2d 193, 195 [293 P.2d 132]; *Csordas* v. *United Slate Tile etc. Roofers,* 177 Cal.App.2d 184, 186 [2 Cal.Rptr. 133]). Further, at the ex parte hearing, Weiss adduced evidence (that was not subsequently challenged by Blumencranc) indicating: his losses from the closing of his service station in Los Angeles, the expenses of relocating in San Francisco and again in moving to Los Angeles after Blumencranc had, without his knowledge or consent, sold the bakery to a third party; the fact that title to all of the assets was held in the name of Blumencranc and his wife; in addition, Blumencranc apparently diverted substantial amounts of bakery products to his own coffee shop without paying for them and only admitted that Weiss was a silent partner when the bakery's creditors took action to enforce partnership obligations. Thus, as a result of both hearings, the court had before it uncontroverted evidence indicating that Blumencranc had violated his fiduciary duties toward his former partner Weiss.

[10]We are, of course, aware of two earlier authorities (not cited by either party) containing dicta that indicate that the failure to allege actual damages precludes an award of punitive damages, but find neither convincing or applicable. In *Oppenheimer* v. *Deutchman,* 104 Cal.App.2d 165 [230 P.2d 873], the court affirmed a judgment of dismissal as to two defendants, both agents, in an action for damages for assault and battery, as the amended complaint failed to state a cause of action against them. The court reasoned that since no cause of action was stated against the two agent-defendants, no actual damage could be alleged and, therefore, no award of punitive or exemplary

section 3294. Although Weiss did not pray for an award of actual damages, he met the necessary requirement of the statute by alleging and proving Blumencranc's tortious acts and actual damages caused thereby. Weiss alleged with sufficient particularity the fraudulent actions of Blumencranc, and also explicitly alleged fraud. Therefore, Blumencranc was put on notice as to the nature of the complaint and the relief sought[11] and could not have been misled by a complaint praying for only punitive damages. Our conclusion is in harmony with the corollary construction of Civil Code section 3294 that the failure to expressly mention punitive damages in the prayer of the complaint does not preclude the award where the body of the complaint sets forth facts on which an award of punitive damages may be predicated (*Forte* v. *Nolfi,* 25 Cal.App.3d 656 [102 Cal.Rptr. 455]). Blumencranc here chose not to contest the complaint, but to default.

The order of March 11, 1975, is reversed, with directions to re-enter the last amended judgment as the true judgment.

Kane, J., and Rouse, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 21, 1976.

---

damage could be made (p. 166). As to the third defendant, the principal, however, the court reversed the judgment of dismissal. Unlike *Oppenheimer,* the complaint in the instant case clearly stated a cause of action against Blumencranc.

In *Sasser* v. *Miles & Sons Trucking Service,* 119 Cal.App.2d 239 [259 P.2d 488], this court held that plaintiff, who expressly waived his right to recover compensatory damages for personal injuries against a public utility, did not have a right to seek punitive damages, as the remedy afforded by the Industrial Accident Commission was an exclusive one. In rejecting the plaintiff's argument that the remedy afforded by the Industrial Accident Commission was exclusive only as to the compensatory but not as to punitive damages, pursuant to Civil Code section 3294, this court (Goodell, J.) indicated (at p. 241) that under the statute, punitive damages were mere incidents to the cause of action and could not constitute " 'the basis thereof.' " *Sasser* is of little help here since there was no potential double recovery and since Weiss clearly did not waive his right to punitive damages, but expressly sought them.

[11]As indicated in footnote 6 above, counsel for Blumencranc admitted that he had notice of the original default as early as March 12, 1973, well within the six-month period of entry of the default and the notice of entry.